## HADWEN vs. HOME MUTUAL INSURANCE COMPANY.

Under the late act concerning pleadings and practice, although the bond or note which is the foundation of the action is to be filed, it does not become part of the petition, nor is it necessary that it should be included in the copy of the petition which goes out with the summons.

## ERROR to Boone Circuit Court.

### STATEMENT OF THE CASE.

This is a civil action brought by the defendants in error, in the Boone circuit court, against the plaintiff in error, and in which judgment was rendered at the last February term of the court.

The petition of the plaintiff is founded upon five several notes which the said Hadwen made to said company, and which are annexed to the petition, and so stated in the body of it.

Upon the filing of the petition, the clerk issued a writ of summons, and endorsed it upon a paper writing, as a copy of said petition, when in fact no one of the notes annexed to and made a part of the petition, was copied and sent out with the petition. The clerk also failed to make the copy a true and perfect copy of the petition in some two or three other particulars, viz : The note secondly mentioned in the petition as being dated the 22d day of September, 1847, is described in the copy as bearing date on the 27th day of September, 1847.

The defendant, Hadwen, did not appear to the action, upon the service of the summons and imperfect copy of the petition upon him; and afterwards, at the return term of the writ, and after the time for pleading to the action had passed, the plaintiff asked for judgment by default, which was thereupon rendered by the court against him.

Afterwards, and before the judgment was made final by the court, that is to say, on the 23d day of February, and during the term of the court, Hadwen, by his attorney, moved the court to set aside the judgment, because the plaintiff had not served upon him a true copy of the said petition, &c., with the summons, and, because the defendant was not duly summoned to answer the action, &c., as required by law; accompanying his motion with his affidavit of the truth of the facts stated in his petition, and also with the imperfect copy which had been served upon him. Upon the hearing of this motion the defendant introduced the sheriff, Hickman, who delivered the imperfect copy with the summons to defendant, who testified that the copy annexed to the motion and affidavit of the defendant, was the only copy of the petition that he had served upon him.

The court overruled the said motion made by the defendant, and rendered a final judgment against him for the plaintiffs.

The defendant, Hadwen, excepted to the opinions of the court, in rendering the judgment by default, and final judgment against him, and has brought the case here by writ of error, assigning as error the rulings of the circuit court against him.

HAYDEN, for plaintiff in error.

By the law lately *handed down to us* by our *reformer* of our code, the plaintiffs were bound to annex to their petition the notes sued on; and *as the notes were so annexed,* they formed a part of the petition, and not having delivered to the defendant a true copy thereof, with the summons, the service of the writ was not such as to require the defendant to plead to the action, and, consequently, the plaintiffs were not entitled to judgment against him.

RYLAND, Judge, delivered the opinion of the court.

From the above statement, the only question for our consideration is the service of the writ in this case by the sheriff upon the plaintiff in error, defendant below.

The plaintiff below, in the petition filed in this case, uses the form in some respects as adopted by our Legislature, stating "that defendant, by his promissory note hereto annexed," &c.

The counsel for the plaintiff in error says this statement is required by law, and that by law the notes sued on become a part of the petition and must be copied and sent out with the writ. We do not thus construe this statute. Its provisions nowhere require a copy of the note sued on to be sent out as part of the petition, and no provision expressly makes the original note the foundation of the action, a part of the petition. All that is said about it is found in the examples set forth in the thirty-first article, which may be used when applicable, and these use the words "hereto annexed." But the statute nowhere requires the notes and bonds sued on to be annexed to the petition, nor does it require copies of the notes or bonds sued on to go out with the petition to be served on defendant. The 13th section of the 7th article of the new code of practice in courts of justice declares, that "if either party shall rely upon any record, deed or other writing, he shall file with his pleading an authenticated copy of such record, and the original deed or other writing if in his power." "Original deeds and other writings, filed by either party, as above provided, shall remain on file for the inspection of the other party until allowed by court to be withdrawn."

Here then, the note or bond, the foundation of the action, and upon which the party relies, must be filed with his pleading, and remain for the inspection of the other party until withdrawn by leave of the court. But this does not require it, the note or bond, to be attached or annexed to the petition, nor a copy of such note or bond to go out with the summons or writ to be served on defendant. The defendant knows where to find this bond or note, it will be on file in the clerk's office. He must have twenty days previous notice by service of the writ and petition, before the plaintiff can have judgment against him at the first term of the court—ample time to go to the clerk's office, and examine the original instrument on file against him. Article V., section 4, of the above act, requires that "every summons shall be accompanied by a separate copy of the petition; and the service shall be either, first, by reading the petition and writ to the defendant; or secondly, by delivering to the defendant, who shall be first summoned, a copy of the petition and writ;

and to such as shall be subsequently summoned, a copy of the writ, or thirdly, by leaving such copy at the usual place of abode of the defendant, with some white person of his family, above the age of fifteen years."

The sheriff certifies, that he executed the writ in this case by "delivering a true copy of the within petition and summons to John A. Hadwin, on the 21st day of January, 1850, in Boone county, Missouri."

The great cause of complaint urged by the plaintiff in error is the failure of the clerk to copy the notes sued on in this case, and to send out the copy thereof attached to the copy of the petition, which accompanied the writ in this case.

Now, I hold the clerk was not bound to do that—and the slight omission to copy the petition, by leaving out a letter or by spelling a word properly which had been misspelled, or any such immaterial defect in the copy, will not be regarded by this court.

The defendant below did not pretend that he had any meritorious defence to offer in this case, if the judgment below should be opened and he permitted to plead. But he relied upon the merest technical objection.

We do not see any sufficient reason to authorise our interference with the judgment below. It is therefore affirmed.