# COUNTY OF PISCATAQUIS.

GARDINER & *al. versus* PISCATAQUIS MUT. FIRE INS. CO.

In a case presented for decision upon facts agreed, no facts, pertinent to the issue, are presumed to exist, which do not appear in the statement.

Where the by-laws of an insurance company, being made part of their policies, require the assured, in case of an increase to the risk of the property insured, to notify the officers of the company, or the policy will be void, a neglect to give such notice renders the policy absolutely void.

On *such policy*, where the risk was increased without notice, no action can be maintained for a loss, although the loss did not happen from such *increased risk*.

A subsequent assessment for losses upon such a policy will not revive it.

ON FACTS AGREED.

ASSUMPSIT on a policy of insurance.

The plaintiffs, residing in Boston, procured a policy on their store situated on a public traveled street in Dover, on Nov. 15, 1848.

The policy was made subject to the by-laws of the corporation, a copy of which is appended to each policy issued.

The 14th Article reads thus:—"It shall be the duty of the insured, to give notice to the secretary of this corporation, of such material and manifest increase in the risk as may have happened without his agency or consent, after the reception of his policy; whereupon the officers of the company may agree with the insured, on such an increase of premium, as the said officers may deem sufficient to cover such increased risk; or they may withdraw the insurance altogether, should they deem such increased risk too great to be taken, according to the rules and regulations of the company; and in case the insured shall neglect to give notice as aforesaid, or shall refuse to comply with the decision of the officers of the company, his policy from that time shall be void."

In the spring of 1849, a blacksmith shop was erected on land adjoining the store insured, and within ten or twelve

feet of its southerly side, and was used about one third of the time by its owner.

On the night of Nov. 16, 1850, the store was consumed by fire originating in the inside, without fault of the plaintiffs, and the shop was also burned by means of the store.

The president and secretary of defendant corporation lived in Dover at the time the policy was made and at the time of the loss, and there was the place of its business.

The loss was duly and seasonably certified to the defendants.

On May 1, 1851, the defendants made an assessment on the policy in suit, for losses during its continuance and before the store was destroyed, which the plaintiffs paid in June, 1851.

If the action can be maintained, a default is to be entered for the sum insured and interest, according to the policy; otherwise a nonsuit is to be entered.

*A. M. Robinson,* for defendants, relied upon the fact that the plaintiffs had failed to comply with one of the vital terms of their contract and that the policy was void. *Leadbetter* v. *Insurance Co.* 13 Maine, 265; *Perrin* v. *Turner,* 1 Fairf. 185.

*A. Sanborn,* for plaintiffs.

1.  The position taken by the defendant, that the policy was void for the neglect of plaintiffs to notify of the erection of the blacksmith's shop, to be sustained, should have been proved. No such admission is found in the facts agreed.

2.  But if it is assumed that the plaintiffs must show *such notice,* I reply that it is unnecessary. The law requires no work of supererogation. The president and secretary lived in the *same locality ;* the *store* and *shop* were on a public traveled street, and the Court may infer notice. The meaning of the by-law is to bring home notice to the officers of the company. Would a paper carried to the house be more potential for such a purpose, than the actual erection of the building for such business, and where they would be likely to be personally?

3. But the facts show that the defendants regarded the policy in full force after the loss, by the assessment made *under* and by *virtue* of *the policy.*

HATHAWAY, J. — The case is on facts agreed, by which it appears that, November 15, 1848, the plaintiff procured the defendants' insurance upon his store situated in Dover. By the fourteenth article of the defendants' by-laws, which are made a part of the policy, upon which the action was brought, it is provided, that " it shall be the duty of the insured to give notice to the secretary of the corporation, of such material and manifest increase of the risk, as may have happened, without his agency or consent, after the reception of his policy, whereupon the officers of the company may agree with the insured on such increase of premium as the said officers may deem sufficient to cover said increased risk; or they may withdraw the insurance altogether, should they deem such increased risk too great to be taken according to the rules and regulations of the company; and in case the insured shall neglect to give notice as aforesaid, his policy, from that time *shall be void.*"

The case states, that, in the spring of 1849, one Nathaniel Dexter, jr., erected, on his land, a small blacksmith's shop, within ten or twelve feet of the southerly side of the store, and used it as such about one third of the time till the store was burned. " The Court are to draw such inferences as a jury might." We can have no doubt that the erection and use of the blacksmith's shop was " a material and manifest increase of the risk," which, by the express provisions of the contract, between the parties, rendered the *policy void,* unless the notice were given as stipulated. The facts agreed do not show that such notice was given; and when a case is presented, to the Court, for decision upon an agreed statement, facts, which might be pertinent to the issue, and which *do not appear* in the case, are presumed not to exist.

That the store was not burned, by reason of the erection,

and use, of the shop, can make no difference. The plaintiff had the right to enter into such contract if he deemed it proper, and although it may operate severely upon him, yet, it is not competent for the Court, to relieve him from the legitimate consequences of his own voluntary contract. *Merriam* v. *Middlesex M. Ins. Co.*, 21 Pick. 162; *Carpenter* v. *Providence Washington Ins. Co.*, 16 Peters, 495.

The defendants made an assessment upon the plaintiff, "under, and by virtue of said policy," for losses which occurred October 16th and 21st, 1850, which were paid by the plaintiff in June, 1851; and the plaintiff argues, that, by making and collecting such assessments, the defendants are estopped from treating the policy as void. But the plaintiff cannot recover without a compliance with the conditions of his policy. *Leadbetter* v. *Etna Ins. Co.*, 13 Maine, 265. On the erection and use of the shop, no notice having been given, as stipulated in such case, his policy became *void*. And "a confirmation doth not strengthen a *void* estate." Inst. 295, B. When a lease is *ipso facto* void, *by the condition*, no acceptance of rent afterwards, can make it to have continuance. *Finch* v. *Throckmorton*, Cro. Eliz. 221. The making of such assessments by the defendants, for subsequent losses, would not revive the policy, nor was it inconsistent with the legal right of the company to treat it as void. *Neely* v. *Onondaga M. Ins. Co.*, 7 Hill, 49; *Smith* v. *M. F. Ins. Co.*, 3 Hill, 508; *Philbrook* v. *N. E. M. F. Ins. Co.* 37 Maine, 137.

Upon the facts agreed, the action cannot be maintained, and a nonsuit must be entered.

SHEPLEY, C. J., and TENNEY, HOWARD and APPLETON, J. J., concurred.