ANDREW J. BAKER, Appellant, *v.* JOSEPH F. BERRY AND J. H. BERRY, Respondents.

*Practice—Demurrer.*—An instrument of writing sued upon, and filed with the petition, constitutes no part of the pleading, and cannot be considered in determining the sufficiency of the pleadings.

### Appeal from Putnam Circuit Court.

*Vories & Vories*, for appellant.

WAGNER, Judge, delivered the opinion of the court.

This was a suit founded on a promissory note, brought in the name of the assignee. The petition averred that the payee of the note assigned by endorsement and delivered the said note to plaintiff, and prayed judgment. The note was endorsed to the plaintiff by the initials of his christian name. The defendants demurred to the petition, and assigned as a cause of objection that there was no averment in the petition that the plaintiff was the same person to whom the note purported to be assigned. The demurrer was sustained by the court and judgment rendered for defendants. The Practice Act allows a demurrer for several causes, but in every instance they must be apparent on the face of the petition. When they do not so appear, the objection must be taken by answer.

The petition in this case was good and in the usual form, and no objection was urged against it in a manner known to the law. The demurrer might more properly be denominated a demurrer to the assignment than to the petition, which is a form of pleading our law-makers have not seen fit to provide for. The note filed constituted no part of the petition, and cannot be referred to or considered on demurrer, in determining the sufficiency of the pleadings. In Curry v. Lackey, 35 Mo. 392, Dryden, J., said, "a demurrer to a petition confesses the truth of all the allegations of the petition which are well pleaded, but denies the legal conclusions the plaintiff would derive from them. In determining the sufficiency of the petition in such cases, the averments contained in it can alone be considered; nothing beyond can be looked to."

The court erred in sustaining the demurrer, and its judgment is reversed and the cause remanded. Judge Holmes concurs; Judge Lovelace absent.