JAMES BOWLING, Respondent, *v.* WALTER MCFARLAND, Appellant.

*Practice — Pleading — Petition.*—In determining the sufficiency of a petition, the averments therein can alone be considered; exhibits filed constitute no part of the petition. A petition which does not show a cause of action by its averments, without reference to exhibits filed, is bad upon demurrer or on motion in arrest—Baker v. Berry, 37 Mo. 306; Curry v. Lackey, 35 Mo. 392. The forms attached to the statute, R. C. 1855, have not the sanction of legislative enactment.

### Appeal from Ralls Circuit Court.

The petition was as follows:—"Plaintiff states that on the eighth day of December, 1863, the defendant executed under his hand, as did also the plaintiff, an agreement of writing of that date, a true copy of which is herewith filed, the original not being in the power, possession or control of the plaintiff on account of its having been placed by the plaintiff and defendant in the possession of one Allen Hall for safe-keeping, and said Hall has left the State, and has placed the said agreement in the hands of Barton Green with instructions not to deliver the same to plaintiff or defendant, and said Green refuses to give said agreement to said plaintiff, but has furnished him the copy herewith filed, marked (A.); that the plaintiff was, from the said 8th day of December until the 15th day of December, 1864, at all times ready and willing, and is still willing and ready to

perform all the conditions and stipulations of said agreement on his part; that the defendant has not performed the conditions on his part, but has failed so to do in this, to-wit: Defendant did not, on or before the 15th day of December, 1864 (nor at any other time) deliver to plaintiff at Hannibal (nor at any other place) one hundred head of good, strictly corn-fed hogs; nor did defendant deliver then and there any number of hogs whatever, as stipulated for in said agreement. Wherefore plaintiff asks damages," &c., &c.

Defendant's demurrer to the petition was overruled, and after judgment he filed his motion in arrest.

*E. B. Ewing*, for appellant.

The court erred in overruling the motion in arrest. The petition is manifestly defective—R. C. 1855, p. 1229, § 3; id. 1235, § 29; Biddle v. Boyce, 13 Mo. 532; Brown v. Colie, 1 E. D. Smith, 267. The terms and stipulations of the agreement are not stated, and the insertion of the contract itself in the petition could not dispense with allegations showing a cause of action arising upon the contract. If one or more essential averments may be dispensed with by setting out a copy of the instrument sued on in the petition, the pleader may omit all, and instead thereof insert a copy of such instrument, and simply ask judgment.

*G. Porter*, for respondent.

The demurrer was rightly overruled and also the motion in arrest. The petition was only required, as the law stood under the Code of 1855, to state that the defendant executed the writing relied on ; that it was filed with the petition ; and that plaintiff having complied with all of its provisions incumbent upon him, defendant broke the contract—stating wherein. This is done in this case in conformity with Form No. 9 of the Appendix to R. C. 1855, p. 1619. These forms, appellant assumes, are part of the law of pleading under the code; made so by being adopted by the legislative power of the State. This was held by this court in regard to the forms

adapted to the Code of 1849, and published therewith—Gramp v. Dunnivant, 23 Mo. 254; 19 Mo. 358, 368.

The sufficiency of the averments of the petition according to the common law principles and forms of pleading, or their insufficiency, therefore, it is insisted, is immaterial. The filing of the writing sued on, under the code, was intended to dispense with the necessity of setting forth its substance.

HOLMES, Judge, delivered the opinion of the court.

The cause of action was founded upon a written instrument, of which a copy was filed with the petition; but the petition did not state the terms and substance of the contract. It has been already decided that in determining the sufficiency of the petition, the averments contained in it can alone be considered; and that the instrument filed as an exhibit constitutes no part of the petition—Baker v. Berry, 37 Mo. 306; Curry v. Lackey, 35 Mo. 392. The forms contained in the Practice Act of 1849 were a part of the statutes, but the forms recommended by the editor of the Revised Statutes of 1855 have not the sanction of legislative enactment. The petition was clearly bad on demurrer, or on motion in arrest of judgment.

Reversed and remanded. The other judges concur.