JACOB KERN, Respondent, *v.* THE SOUTH ST. LOUIS MUTUAL INSURANCE COMPANY, Appellant.

1. *Evidence — Experts — Insurance.* — A witness who has been many years an officer of an insurance company, and has become acquainted with the business of fire insurance, is competent to give his opinion as to the effect produced by the erection of additions to the buildings insured.
2. *Insurance — Policy — Risk.* — When the alterations and additions to a building materially increase the risk, so that the insurer would be entitled to a higher rate of premium, the policy will be treated as absolutely void if the insured fail to give the notice required.
3. *Practice — Pleading — Exhibits.* — No reference to papers which are mere exhibits in a cause can make the contents of such papers parts of the pleading.

*Appeal from St. Louis Circuit Court.*

The plaintiff took out a policy in this case and became a member of the defendant's company on the 28th of November, 1862. The insurance effected was to the amount of five thousand dollars—twenty-five hundred on the two-story brick building, and the same sum on stock in wagonmaker's and blacksmith's shop therein, situated on the northwest corner of Third and Lombard streets in St. Louis. The property was burnt January 8, 1864. Due notice was given to defendant and proof of loss made.

The defendant set up in answer to the petition, that after the insurance, and without the knowledge or consent of defendant, the plaintiff erected a wooden building or shed next to and adjoining the brick building, and set up a steam boiler in it, and put the engine and gearing in the brick building, and ran the steam pipe through the wall, and had or made openings connecting the boiler room with the engine inside

the building, and erected a chimney stack for the furnace close to and adjoining the building insured ; that the erection of the engine and boiler and the connection of them in that way increased the risk and hazard of fire, thereby forfeiting the policy, and that the changes thus made were such an alteration in the building as avoided the policy. There was also erected by plaintiff, after the insurance and without notice, a new brick building adjoining the one insured and connected with it, in which was stored material for making wagons.

The plaintiff put in evidence the policy, the charter and by-laws of defendant, and made proof of loss and notice. The policy refers to the act of incorporation of the company, dated March 10, 1859 : it was for six years, and made the conditions of insurance, the act of incorporation, and the by-laws, a part of the policy.

The policy provided : " It is agreed by the assured, that, in case there shall be any building erected immediately adjacent or adjoining the above described building which shall materially increase the risk or hazard of fire, notice shall be given the company immediately, that an examination can be made by the agent or agents of the company, and the rate of insurance increased, or the policy cancelled, at the option of either party."

The conditions of insurance provided : " If during the insurance the risk is increased by the erection of buildings, or by the use or occupation of neighboring premises or otherwise, or if for any other cause the directors shall elect, it shall be optional with them to terminate the insurance after notice is given to the insured or representative of their intention so to do."

Another condition was: " It is further agreed, that no change of the building or buildings herein insured, or in which property is insured by this company, shall be made by repairs, additions, or otherwise, without the consent or approval of the president of the company, in writing, before making such change. Any breach or violation of this

provision shall render this policy of no effect during such change, and until such change shall be approved by the president or directors."

It appeared in evidence that the engine had been run for the purpose of trial, and to get it in working order, before the fire, but the fire under the boiler had been put out a day or two before the fire. The fire occurred early in the morning, and was first seen in the building insured and in the yard adjoining. That about six weeks before the fire the wooden shed was erected, about twenty feet long and eight or ten feet high, adjoining on the insured buildings, and under this the boiler and furnace were put, and the engine set up inside the insured building, the steam pipes running through the wall; a gang of two saws was also under the shed, run by the engine. There was a door in the north wall of the insured building opening into the shed.

The defendant called John C. Vogel (who testified that he had been an officer of an insurance company in St. Louis for twelve years, and was familiar with insurance in mutual insurance companies and the rates of insurance) and asked him—1. "That whether in your opinion the erection of the boiler and the location of the engines in the old building, and the erection of the wooden shed over the boiler, created an additional hazard and required an additional premium to insure the old building?" This question was objected to by plaintiff and excluded by the court, and the exclusion excepted to. The question was asked simply as to whether such change would require a higher rate of premium, and that question was excluded. Also the question as to whether or not such change, in his opinion, increased the risk; and that was excluded and excepted to.

The court gave the following instructions for respondent:

1. The jury are instructed that no alteration or repairs made on premises insured by plaintiff would avoid his policy, nor can his recovery be defeated by means of alterations or repairs, unless the same were such as to increase the risk

or hazard from fire to the insured premises. If the jury find from the evidence that defendant made the policy sued on, and the property insured was destroyed by fire as stated in petition, and plaintiff complied with the agreements and conditions in the policy to be complied with on his part, they will find for the plaintiff.

2. The jury are instructed that the policy sued on could not be made void, nor can the recovery of plaintiff be defeated by the erection of any building immediately adjacent or adjoining premises insured, unless such erections materially increased the risk or hazard of fire.

To the giving of each of said instructions appellant excepted.

Of the following instructions for appellant, the court gave the first, and refused the second and third:

1. If any alteration in the building insured was made by plaintiff, or under his direction, or with his knowledge or consent, after insurance made with defendant, whereby said building was exposed to greater risk or hazard from fire than when insured, the policy became void, unless plaintiff has proved to the satisfaction of the jury that an additional premium and deposit, after such alteration, was settled with and paid to defendant or agent before the fire happened.

2. If the jury find from the evidence that plaintiff, after obtaining the policy sued on, caused a wooden shed to be erected adjoining insured building, and an engine to be put up in it to be propelled by steam from said boiler, and said boiler was heated by a furnace under it, and said engine was connected by a steam pipe with said boiler, also by bands with machinery for propelling two saws on the outside of the insured building, and that a new brick building was erected adjoining the insured building,—then the jury are instructed that such erections, machinery and connections are an alteration of the insured building within the meaning of the 24th section of charter of defendant.

3. It is wholly immaterial in this case how or from what

cause the fire happened that consumed the premises insured; and if the jury find from the evidence that any alteration was made in the building insured by plaintiff, or his workmen or agents, under his direction, or with his knowledge or consent, after the insurance made thereon with defendant, whereby said building was exposed to greater risk or hazard from fire than it was when insured, then the policy sued on became void and of no effect, and the jury will find a verdict for defendant, unless the plaintiff has proved to the satisfaction of the jury that an additional premium and deposit, after such alteration, was settled with and paid to the defendant.

*Hill & Jewett*, for appellant.

I. The provision against an increase of risk by act of insured in altering or adding to the building insured is not controlled or limited by the previous condition or specification or hazards, but is an independent condition of itself; and although the particular alteration, addition or change was not included in said classes of hazards, yet if it increased the risk, the policy is thereby avoided—Bratwright v. Ætna Ins. Co., 1 Strobh. (S. C.) 281.

II. It is wholly immaterial whether the alteration, addition or change is made so as to increase the risk or not. The defendant has required the plaintiff by his contract to give notice of all and every alteration, addition or change in the insured premises, and obtain the approval of the president of the company in writing before the change is made; and a violation of this condition avoids the policy—Dietz v. The Mound City Mut. Ins. Co., 38 Mo. 90.

III. The court below further erred in refusing to permit the questions to be put to the underwriters as experts, as to the increase of risk and increase of premium by erecting the steam saw mill on the insured premises and the wooden mill adjoining the insured building.

Underwriters are experts in such cases—Schenck v. Mercer Co. Mut. Ins. Co., 4 Zab. (N. J.) 447–51; 1 Greenl. Ev.

§ 440·; Hartford Prot. Ins. Co. v. Hormer, 22 Ohio, 452. The case of Webber v. Easton R.R. Co., 2 Metc. (Mass.) 147, expressly approves the doctrine of experts.

IV. In Merriam v. Middlesex Mut. Fire Ins. Co., 21 Pick. (Mass.) 162, it was held that if a higher rate of premium would have been demanded to insure the building in its altered state than would have been demanded before, then the policy is avoided.

In Bratwright v. Ætna Ins. Co., 1 Strobh. (S. C.) 281, the court held that the provision against increase of risk by any means was independent of the specifications of hazards; and although the act done was not specified in the classes of hazards, yet if it increased the risk the policy was thereby avoided.—Murdock's case, 2 Comst. (N. Y.) 210, overruling Stebbins v. Globe Ins. Co., 2 Hall, 632; Commonw. Ins. Co. v. Carney, 10 Pick. (Mass.) 535; Reed v. Gore Ins. Co., 11 Upp. Can., Q. B., 535; Gardiner v. Piscata. Mut. F. Ins. Co., 38 Me. 439; Gykes v. Perry Co. Ins. Co., 34 Penn. (1859,) p. 97; Girard Fire & Mar. Ins. Co. v. Stephenson, 37 Penn. 293; Leadbetter v. Ætna Ins. Co., 13 Me. 265; Curry v. Comm. Ins. Co., 10 Pick. 535; Stetson v. Mass. Mut. Ins. Co., 4 Mass. 330; Jones Manufacturing Co. v. Manufacturer's Mut. Ins. Co., 8 Cush. (Mass.) 82.

*Glover & Shepley*, for respondent.

The court properly overruled the questions propounded to the witness Vogel touching his opinion; the opinion was not evidence in any aspect of the case—Jefferson Ins. Co. v. Cotheal, 7 Wend. 77; Protection Ins. Co. v. Hormer, 22 Ohio, 452; Fish v. Dodge, 4 Denio, 311; Joyce v. Marine Ins. Co., 45 Me. 170. The appellant now insists the policy is void under this condition.

FAGG, Judge, delivered the opinion of the court.

This case was tried in the St. Louis Circuit Court, and both parties seem to have proceeded in the trial upon the theory that the question really in issue was whether the ad-

ditions and alterations made to the insured building by the plaintiff were such as materially to increase the risk and hazard from fire. This is a question of fact, and its determination is peculiarly within the province of the jury.

A question is presented for consideration here that was not raised in the court below, and is one that we are not authorized to pass upon. It refers to the force and effect to be given to a condition attached to the policy upon which this suit was brought, which requires a notice to be given of every change to a building insured, or in which property is insured by the company, made by repairs, additions, or otherwise. If made without the consent or approval of the president, in writing, previously obtained, the policy is to have no effect until the approval of the president or directors is secured. It is true that the plaintiff, in declaring upon the policy, refers to it as being attached to and made a part of the petition. But whatever form of words may be used in referring to papers which are to be understood as mere exhibits in the cause, they cannot in any proper sense make them parts of the pleading—Hadwen v. Home Mut. Ins. Co., 13 Mo. 473 ; Curry v. Lackey, 35 Mo. 392; Baker v. Berry, 37 Mo. 306 ; Bowling v. McFarlan, 38 Mo. 465. It is true that the defendant sufficiently denies that the plaintiff complied with all of the conditions and stipulations in the policy, but still the point is not presented in such a manner that we can consider it here.

The policy covered a two-story brick building, situated on the northwest corner of Third and Lombard streets in the city of St. Louis, and in which there was a wagonmaker's and blacksmith's shop. The whole amount of insurance was $5,000—$2,500 on the building and the same amount on the stock in the shops.

It appears that the building was consumed by fire on or about the 8th day of January, 1864. The fire was first discovered about five o'clock in the morning, and was then burning in the building and in the yard adjoining. About six weeks previous to that time, the plaintiff had erected a

steam boiler, with a furnace beneath it, of the length of twenty feet and about eight feet high, adjoining the north wall of the insured building, and that a wooden shed, about thirty-five feet long, fifteen wide, and twelve feet high, had been erected to cover the same; that a gang of two saws had been placed at the eastern end of the shed, and under it, for the purpose of sawing the timber used in the shop. The engine was placed inside of the brick building, and supplied with steam by a pipe passing through the wall.

This seems to have constituted the substance of the facts proved on the trial. The jury were left to decide the question as to the increase of risk upon the description of the alterations and additions alone.

The testimony offered on the part of the defendant ought to have been admitted. In the case of Webber v. Eastern R.R. Co., 2 Metc. 147, a witness was called to give his opinion upon the question, whether the proximity of a railroad to the insured property would be likely to increase the rate of premium of insurance against fire. He did not profess to be an expert, but his means of knowledge on that subject resulted from his having been for a long time secretary of a fire insurance office, and as such "charged with the duty of examining buildings and taking into consideration all circumstances bearing upon the risk and rate of premium." The court held that these facts "rendered him competent to give his opinion as evidence to the jury upon that subject." So we think in this case that the witness John C. Vogel, after stating that he had been "an officer" in an insurance company in the city of St. Louis for twelve years past, and that he was "familiar with insurance in mutual insurance companies and the rules of insurance"—made him a competent witness to give his opinion on these subjects. It must be, to a very great extent, matter of opinion at best, and the value of opinion in such cases must greatly depend upon the experience and familiarity with the business possessed by the persons called upon to give them. Jurors cannot be presumed to be so familiar with questions of this sort as to be

able to give their opinions correctly merely upon having a description of the premises with the alterations and additions made by the assured.

The instructions given contained correct propositions of law; and if all the competent evidence offered in the case had been permitted to go to the jury, there would have been no reasonable ground of complaint.

All the authorities, so far as they have been examined, agree in the conclusion, that when the alterations or additions materially increase the risk, so that the insurer would be entitled to a higher rate of premium, the policy is to be treated as absolutely void if the assured fails to give the notice required—Gardiner et al. v. Piscataquis Mut. F. Ins. Co., 38 Me. 439; Curry v. Commonwealth Ins. Co., 10 Pick. 535; Francis v. Somerville Mut. Ins. Co., 1 Dutcher, 78; Bratwright v. Ætna Ins. Co., 1 Strobh. 281; Schenck v. Mercer Co. Mut. Ins. Co., 4 Zab. (N. J.) 447.

By its refusal to admit competent testimony, therefore, error was committed by the court; and the judgment is reversed and the cause remanded for further trial. The other judges concur.