VAUGHAN v. DANIELS, *Appellant*.

1. **Practice** : JUDGMENT. When upon the record the judgment is for the right party, it will not be reversed, although the trial court, in deciding the case, may have assigned a wrong reason therefor.

2. **Tax Bill** : PETITION : EVIDENCE. Revised Statutes, 1879, section 6837, does not make a tax bill a part of the petition with which it is filed. It is to be regarded as a matter of evidence and not of pleading.

3. **Tax Suit** : PETITION : TAX BILL. It is the petition in a tax suit, and not the tax bill, which must set out the cause of action.

4. **Petition** : PRACTICE. In determining the sufficiency of a petition, the allegations thereof can only be considered, and instruments filed therewith constitute no part thereof.

Vaughan v. Daniels.

5. Tax Suit: PETITION: DESCRIPTION OF LAND. Where the petition in a tax suit contains no description of the land sought to be affected thereby, although the tax bill filed therewith does, the judgment rendered thereon is void and open to collateral attack. This objection is good, not only upon demurrer, but also in arrest of judgment.

*Appeal from Vernon Circuit Court.* —HON. CHAS. G. BURTON, Judge.

AFFIRMED.

*M. A. Fyke* for appellant.

The affidavit filed with the petition was sufficient. It alleged "that to the best of affiant's knowledge and belief the above named defendant, Lewis McKibben, is a non-resident of the state of Missouri."

*S. P. Sparks* for respondent.

Before the court could acquire jurisdiction to make the order for publication of notice, it was essential that a petition be filed containing a description of the real estate to be affected by the proceeding. R. S. 1879, secs. 3494, 6836, 6837 ; *Schell v. Leland*, 45 Mo. 289 ; *Milner v. Shipley*, 94 Mo. 106.

RAY, C. J.—This is an action of ejectment to recover the described lands, the petition being in the usual form, and the answer, one of general denial. The plaintiff is the owner of the patent title, and the various deeds, in his chain of title, read in evidence, are conceded to be formal and regular on their face, and to convey the title to plaintiff. The question and exceptions here presented and urged for our consideration, and upon which, our opinion is required, involve the sufficiency and validity of the sheriff's deed, under which defendant claims

title, which was made, under a sale upon special execution, for delinquent taxes, for certain specified years, and was read in evidence by defendant.

The *record* and proceedings in the tax suit, entitled "State *ex rel.* Anderson, Collector, *v.* Lewis McKibben" under which defendant claimed were put in evidence by plaintiff, in rebuttal to avoid the sheriff's deed, and it appears therefrom among other things, that the petition therein did not allege that the defendant was a non-resident, and that the affidavit of non-residence, on file therein, by an attorney in the cause, was that to "the best of affiant's knowledge and belief the defendant Lewis McKibben was a non-resident." The affidavit, moreover, did not have the *jurat* of the officer, taking the same, attached. The trial court, as shown by its declarations of law given in the cause, held among other things that the said affidavit on file, with the papers in said tax proceedings, so read in evidence did not comply with the law, and that the judgment in said cause was null and void. Waiving a decision of these questions, as to whether the affidavit was merely insufficient and irregular and amendable, or was a nullity, and the judgment therefore void, as held by the trial court, the judgment and proceedings and the tax deed were, we think, void for other reasons, apparent upon the record and the conclusion of the court in the case at bar, therefore, right and proper, whether its said declarations, as to said affidavit, were or were not erroneous. It is familiar law, "that, when upon the entire record, the judgment is for the right party it will not be reversed, although the trial court in deciding the case may have assigned a wrong reason therefor."

The said petition, in the tax suit, does not give the numbers or contain any description whatever of the lands sought, and intended to be subjected to the lien. In this connection, it may be proper to add that it appears by said record of said tax suit, so offered in

evidence in rebuttal by plaintiff, that the petition therein, after some preliminary and formal allegations, proceeds as follows: "Plaintiff further states, that under and by virtue of the laws of the state of Missouri, in force and effect at the time hereinafter mentioned, the officers and agents of said state and county having legal authority so to do, there were assessed and levied upon the following described real estate lying, being and situate in the county of Vernon and state of Missouri, to-wit :" ( Here follows a *large blank space* in said petition, left as we suppose in which it was doubtless intended to insert the numbers or description of said land, intended to be subjected to the lien of said taxes; but which, as appears by said records, was, in point of fact, never filled and remains a blank to this day without any numbers or other description, whatever, therein. This omission was doubtless an oversight.)

Revised Statutes, 1879, section 6837, not only requires the lands to be included in the petition, but also provides that the petition shall show the different years for which taxes are due as well as the several kinds of taxes or funds to which they are due with the respective amounts due to each fund, all of which matters are also required to be set out in a tax bill, to be filed with the petition. The numbers, or description of the land, do not seem to be specifically called for, or required by this provision to be set out in the tax bill ( though as a matter of convenience or practice, they usually are, as they make the same more complete and intelligible ). In the tax bill filed with the petition in the tax suit, the lands are described as the east half and the southwest quarter of the southeast quarter, section 8, township 37, range 29, the lands sued for in the present suit, being the northeast quarter of the northeast quarter of section eight, township number thirty-seven of range number twenty-nine. The abbreviations such as were employed in the tax bill are authorized

under Revised Statutes, 1879, section 6857. The tax bill, we may observe, is not referred to in the petition, in the tax suit, or made part thereof, by any allegation contained in said petition therein.

We do not understand Revised Statutes, 1879, section 6837, to make the tax bill a part of the petition, though the same is required to be filed therewith. This tax bill is to be regarded not as a matter of *pleading*, but matter of evidence. This is, we think, the purpose of the act, and manifest from the provision in said section requiring them to be authenticated by the certificate of the collector, and making them, when so certified, *prima-facie* evidence of the amount claimed in the suit. They are exhibits, made evidence under the statute. See also sections 6824 and 6826, as was expressly held in the case of *State ex rel. v. Rau*, 93 Mo. 126, it is the *petition* in a suit, to collect back taxes and not the *tax bill*, which must set out the cause of action. And in determining the sufficiency of the petition, the allegations thereof can only be considered, and instruments, filed therewith, constitute no part thereof. *Baker v. Perry*, 37 Mo. 306 ; *Curry v. Lackey*, 35 Mo. 392 ; *Bowling v. McFarland*, 38 Mo. 465.

If we look to the petition alone in the tax suit there is, as already said, an entire want and absence of description of the lands. In proceedings *in rem*, to fix a lien upon the property it is, we think, a manifest essential that the property shall be described in some definite and appropriate way as a necessary part of the statement of the cause of action. In the case of *Milner v. Shipley*, 94 Mo. 106, we held that a judgment rendered in these tax proceedings, against property, different from that described in the petition, was void, and open to collateral attacks. *Janney v. Spedden*, 38 Mo. 397. For equal reason, a judgment upon a petition, describing no land at all is also void, and subject to collateral attack. As was also said in *Milner v. Shipley*, 94 Mo. 109,

" The court acquires jurisdi ction of the property and of the defendants, by the filing of the petition and publication of the notice ordered to be made." When there is no land described in the petition, there can be no jurisdiction of the subject-matter in such cases, and without jurisdiction the judgment is void and open to collateral attack.   This objection is good, not only upon demurrer but also in arrest of judgment.   *Bowling v. McFarland*, 38 Mo. 466.

These views make it unnecessary to consider the effect of designating the defendant as Lewis McCibben in the petition, proceedings and tax deed, instead of Lewis McKibben which is the correct name of the true owner.   This leads to an affirmance of the judgment and it is accordingly so ordered.   All concur, except SHERWOOD, J., absent; BARCLAY, J., in the result.