KIRKWOOD, Appellant, v. MERAMEC HIGHLANDS COMPANY et al.

### Division Two, February 12, 1901.

**Appeals:** CONSTITUTIONAL QUESTION: HOW RAISED. A constitutional question is not raised by the mere statement in the reply of plaintiff, against whom judgment was rendered, that a statute that requires a city to sell the exclusive right to construct and operate a waterworks plant to the highest bidder at public auction, is unconstitutional, and void. That point must be raised by some of the instructions, or it must in some other way affirmatively appear that the determination of the constitutional question is necessary to a decision of the case, and that it was determined in the court below that the statute was in violation of the Constitution, and that that decision was adverse to the rights of the party who appeals.

Appeal from St. Louis City Circuit Court.—*Hon. D. D. Fisher,* Judge.

TRANSFERRED TO ST. LOUIS COURT OF APPEALS.

*O. J. & R. Lee Mudd* for appellant.

*Noble & Shields* for respondents.

BURGESS, J.—On the twenty-fourth day of September, 1895, the town of Kirkwood by ordinance number 195, granted to defendant Meramec Highlands Company, its successors and assigns, the exclusive right and privilege to erect, maintain, and operate waterworks within its corporate limits for the period of thirty years for supplying said town and the inhabitants thereof with water, and for that purpose to use the

streets, alleys, sidewalks, and public grounds of said town. Section 18 of said ordinance provided that the company should within thirty days after the execution of the contract execute a bond to plaintiff in the sum of $10,000, conditioned for the faithful performance on its part of its duties and obligations under the ordinance, and to fully indemnify the town and persons damaged by reason of the failure to comply with said ordinance, with a right to the board to require additional bond within thirty days if the sureties become insolvent, and if the company failed to give the additional bond to withhold payment for fire hydrants until $10,000 should be held as a proper security and for the same purposes mentioned in the bond, such withholding to be stopped at any time the company would give additional bond.

Afterwards the board passed an ordinance, number 207, extending the time for the beginning and completion of the work and requiring acceptance by the Meramec Highlands Company, which was accepted by it. Other ordinances were passed extending the time for the beginning and completion of the work which were accepted by the company. Among them was an ordinance numbed 210, which was amendatory of ordinance number 195, and provided that before the company should file with the town clerk an acceptance of the ordinance it should execute a bond in the sum of $1,000, conditioned that the company would file a bond for $10,000 required by section 18 of this ordinance, and would, within the time mentioned in ordinance numbered 195, as amended, begin and complete the construction of said waterworks. Said $1,000 bond was given by the company and approved by the trustees.

November 24, 1896, the town passed ordinance number 220, amendatory of ordinance number 195, extending the time for beginning the construction of the waterworks to May 24, 1897, and for finishing the same "in complete working order

seven months after said date," etc., etc. Also amending section 18 of ordinance number 195, requiring the company "before commencing the construction of said waterworks" instead of "within thirty days after the filing by the said company of its acceptance of this ordinance" to give a $10,000 bond, conditioned as set forth in section 18 of ordinance number 195. This ordinance, number 220, required the company to accept the same, and section 4 thereof provided, "before any such acceptance of this ordinance shall be filed or accepted by the clerk of the town board for filing the said company shall first file with the town clerk a bond" in the sum of $1,500, "such sum not to be considered as a penalty but as agreed and liquidated damages for the breach of the conditions of such bond," etc., conditioned, "that the said company shall, within the time mentioned in section 18 of ordinance number 195, as amended by this ordinance, file with the town clerk the bond in the penal sum of $10,000 specified and called for by section 18, and conditioned further, that the said company shall, within the time mentioned and provided in section 4 of said ordinance number 195 as amended by this ordinance, begin and complete the construction of said waterworks, subject to the conditions mentioned and set forth in section 4."

The company accepted ordinance number 220, and executed its bond, dated December 4, 1896, for $1,500, reciting the ordinances of the board then in force and conditioned as follows: "Now, therefore, if the said Meramec Highlands Company shall on or before May 24, 1897, execute and file with the clerk of the town board of said town the bond in the penal sum of $10,000, as provided for and with the condition set forth in section 18 of said ordinance number 220, passed November 24, 1896, and shall begin and complete the construction of said waterworks pursuant to the ordinances of said town providing therefor, within the time mentioned and pro-

Vol 160 mo—8

vided in section 4 of ordinance number 195, as the same is enacted and set forth in section 2 of said ordinance number 220, as passed November 24, 1896, subject to the conditions mentioned and set forth in said section 4, then this bond is to be void; otherwise to remain in full force and effect. And it is further agreed by the parties hereto, that in case of a breach of the conditions of this bond the said sum of $1,500, above mentioned, shall be held and taken as the agreed and liquidated damages to be forthwith due and owing to the said town of Kirkwood without further inquiry or admeasurement thereof, and not as a penal sum for the payment of such damages as may be ascertained by inquiry independent of these articles."

This action is upon this last bond.

The breaches of the bond, alleged, are, the failure of defendants to execute and file the ten thousand dollar bond provided for, and the failure thereafter and within the time provided in the bond to begin and complete the construction of said waterworks.

The defendants in their answer admit the execution of the bond sued on, but allege further that it was without consideration, and that it was not in compliance with the terms of the ordinances of the town of Kirkwood and the authority with which it purports to have been given. That the bond was without consideration, because the ordinances of the town providing for the bond were "illegal, contrary to the laws of the State of Missouri, and wholly without authority of law in that they granted exclusive privileges;" and that the ordinance was passed in disregard of the provisions of the so-called "Julian law." That is to say, that there was a failure on the part of the town to provide in the ordinance "as the condition precedent to the granting of the consent of said town of Kirkwood to the occupation and the use of the streets and public places of the said town of Kirkwood by the Meramec Highlands Com-

pany, one of the defendants herein, that the franchise, privilege and right of such occupation and use which the said ordinances purport to confer on the Meramec Highlands Company, one of the defendants herein, should be sold at public auction to the responsible bidder who would give the largest percentage yearly of the gross receipts derived from such occupation and use with adequate security, etc., as required by the laws of the State of Missouri in such cases made and provided, and further, in that the said franchise, privilege and right of such occupation and use were not sold at public auction to the responsible bidder who would give the largest percentage, etc., with adequate security," etc.

The answer also alleges that the instrument sued on was not binding upon the defendants, "for the reason that the said instrument was never delivered to the plaintiff as an obligation binding upon the defendants, but was given into possession of the plaintiff upon the express condition, but not otherwise, that the said instrument was not to become binding upon defendants, unless, nor until, the plaintiff should cancel and deliver up to the defendant a certain other instrument," etc. "That the ordinances of the town of Kirkwood, the plaintiff herein, under and by authority of which it purports to have been executed, are illegal, contrary to the laws of the State of Missouri, and wholly without authority at law in that said ordinance granted exclusive privilege and in that the public authorities of said town of Kirkwood did not provide as the condition precedent to the granting of the consent of the town of Kirkwood to the occupation and use of the streets and public places of said town of Kirkwood by the Meramec Highlands Company, one of the defendants herein, that the franchise, privilege and right of said occupation and use which the said ordinances purport to confer on the Meramec Highlands Company, one of the defendants herein, should be sold at public auction," etc.

To this answer plaintiff filed a reply denying all the allegations of new matter in the answer "excepting all that part of said answer relating to the publication and sale of the franchise and privilege contained in the ordinances alleged in the petition and referred to in said answer, and giving of security for the payment of the premium referred to in said answer."

The reply admitted that "at no time at and about the matter of the enactment of the ordinances referred to in the petition did the plaintiff do any act or thing whatsoever to the end of a public advertisement and sale to the highest responsible bidder at public auction of the right of the occupation and use of the streets, highways and public lands of the plaintiff, town of Kirkwood, by the said defendant Meramec Highlands Company, as such occupancy and use is provided in the ordinances mentioned in the petition." It then alleges that plaintiff "was not required by law, nor was it bound in any manner to do so except in accordance with the provisions of an act of the General Assembly of the State of Missouri, passed at its regular session of 1895, approved April 9, 1895, and published in Laws of 1895, at pages 53 and 54."

And that said act "is unconstitutional, null and void and is no law of the State of Missouri binding upon the plaintiff."

The plaintiff proved that the company never filed a $10,000 bond and never did any work on the waterworks contemplated in the ordinances and have never constructed any waterworks in the town of Kirkwood.

At the close of plaintiffs case the court at the instance of defendants and over the objection and exception of plaintiff declared the law to be as follows:

"1.   The court declares the law to be that on plaintiff's own showing in this case it is not entitled to recover against the defendants.

"2. The court declares the law to be that the General Assembly of the State of Missouri in granting a charter to the town of Kirkwood did not grant to it power to give to the defendant, the Meramec Highlands Company, an exclusive privilege to use its streets for the purpose of erecting and maintaining the waterworks in said city, and that section 1 of ordinance 195 is unauthorized, invalid and void.

"3. The court declares the law to be that if the court sitting as a jury finds that the bond sued on was based on ordinance number 195 as amended by ordinance number 220 of the said town of Kirkwood granting an exclusive privilege to the defendant, the Meramec Highlands Company, for erecting and maintaining waterworks, in said city, and that said ordinance was unauthorized and void for the reason stated in the second instruction herein, then there was an entire want of consideration for said bond sued on and the verdict must be for the defendants."

The court rendered judgment for defendants. After unsuccessful motion for a new trial plaintiff appeals.

The first question presented by this record is with respect to the jurisdiction of this court of this appeal. It only has jurisdiction on appeals from the circuit courts in cases where the amount in dispute, exclusive of costs exceeds the sum of twenty-five hundred dollars; in cases involving the construction of the Constitution of the United States or of this State, etc. (section 12, article 6, of the Constitution of Missouri), and there is nothing in the record which brings the case within its provisions.

The amount sued for is only $1,500 and the only reference to be found in the record to the Constitution is in the replication to defendant's answer in which it is alleged that plaintiff was not required by law, nor was it bound in any manner to advertise for sale to the highest responsible bidder at

public auction the right to occupy and use the streets, highways and public lands of the plaintiff by the Meramec Highlands Company, as required by an act of the General Assembly of the State of Missouri, passed at its regular session of 1895, and approved April 9, 1895 (Laws of 1895, pages 53 and 54), for the reason that said act is unconstitutional, null and void.

The declarations of law that were given (and none others were asked) did not present the constitutionality of this act or of any law to the court, and is of course not involved in this appeal. To confer upon the Supreme Court jurisdiction upon appeal from a circuit court upon the ground that a constitutional question is involved, it must affirmatively appear that the decision is necessary to the determination of the case, and that it was decided by the court below in violation of the Constitution, and adverse to the rights of the party who appeals. [Hulett v. M. K. & T. Ry. Co., 145 Mo. 35; Robert G. White Live Stock Commission Company v. Chicago, M. & St. Paul R. R. Co., 157 Mo. 518.]

The cause will therefore be transferred to the St. Louis Court of Appeals. All concur.