THOMAS P. HANKS, Appellant, v. MARY E. HANKS.

### Division One, March 31, 1909.

1. **APPELLATE JURISDICTION:** Constitutional Question: Raised in Reply: Timely. Where defendant in a divorce suit pleads a judgment and decree of divorce rendered by a court of another State, as an abatement or *res adjudicata*, a plea in plaintiff's reply to the effect that the judgment of the foreign court upon service by publication was void, because in violation of certain constitutional provisions specified, is timely made, for it could not have been raised sooner; and whether there is merit in the plea or not, having been timely raised, a constitutional question is involved, and the appeal is to the Supreme Court.

2. **BILL OF EXCEPTIONS:** No Filing. Where the abstract contains no recital that a bill of exceptions was filed, or any record entry of the filing thereof, the appellate court cannot consider the bill or any evidence contained therein.

3. ————: Dismissing Appeal. Although there is no bill of exceptions in the case, yet if the pleadings are properly abstracted, and there is on file with the clerk a certified copy of the judgment and order granting the appeal, the court will not dismiss the appeal, but will consider those parts of the record proper and reverse or affirm the judgment.

4. **JUDGMENT OF ANOTHER STATE:** Pleaded as Res Adjudicata: Sufficiency of Plea: Contradicted by Exhibits Attached. Where, in answer to plaintiff's bill for divorce, defendant pleads that a court of competent jurisdiction in another State had pre-

viously rendered judgment of divorce in her behalf and avers that defendant in that suit (plaintiff in this) was "duly and legally served," that allegation cannot be controverted by an exhibit "attached to the answer and made a part thereof," where there is no bill of exceptions. The exhibit is no part of the answer, and there being no bill of exceptions it cannot be considered, and there being no evidence to the contrary that can be considered it will be presumed that there was evidence to support the allegation that plaintiff "was duly and legally served" in the court of the other State.

Appeal from Jackson Circuit Court.—*Hon. John G. Park*, Judge.

AFFIRMED.

*H. S. Julian* for appellant.

*Ellis & Cook* for respondent; *Clyde Taylor* of counsel.

GRAVES, J.—The plaintiff sued the defendant in the circuit court of Jackson county for a divorce, on the alleged grounds (1) that she had absented herself for the space of one whole year without reasonable cause, (2) that she had been guilty of adultery with a certain named individual, not necessary here to state, (3) and of certain indignities in the petition described.

Defendant filed an answer, denominated an "Answer in Abatement," in which she denies the scandalous and other charges of the petition, and then she pleads a judgment and decree of divorce entered and made by the district court of Polk county, Iowa, on May 3, 1905, whereby she was divorced from the plaintiff. This decree and all the files in the case duly certified according to the Act of Congress is attached to the answer as "Exhibit A," and in the language of the answer "is hereby made a part of this plea in abatement."

The reply to this answer reads:

"The plaintiff for reply to the averments of defendant's answer:

"1st.     Denies each and every allegation therein contained and asks for judgment on his petition.

"2d.     Plaintiff further states that defendant was not a resident of the State of Iowa, and the courts of that State never had jurisdiction over either plaintiff or defendant, but that both were residents of Jackson county, Missouri, and defendant was simply sent to Iowa for the purpose of trying to procure bogus and spurious decree of divorce against this plaintiff.

"3d.     Plaintiff further states that under section 2947, Revised Statues of Missouri for 1899, a wife divorced from her husband for his fault or misconduct retains dower rights in all property of the husband, and if this alleged judgment of the Iowa court is allowed to stand and bind plaintiff, it is equivalent to a judgment against his character, also a judgment against his property, and casts a cloud upon any real property he may have possessed at the time said judgment was rendered or hereafter may possess, without personal service, and without a day in court, which would be a violation of plaintiff's rights under sections 10 and 30 of article 2 of the Constitution of Missouri; also of his rights under the 5th amendment and section 1 of the fourteenth amendment to the Constitution of the United States.

"4th.     Plaintiff further states that said alleged decree was procured by fraud, misrepresentation and deceit practiced and wrought (by defendant here and plaintiff there) upon said Iowa court.

"In this, she had her pretended suit instituted by M. E. Hanks, plaintiff, v. T. P. Hanks, defendant, and got an order of publication for service in the same initials, when she well knew that her Christian name was Mary and his Thomas, and that they were known and called by such names; and plaintiff charges it to be a fact that said initials were used as aforesaid, instead

of their Christian names, for the purpose of deceiving the court and its officers, and also for the purpose of misleading anyone reading said notice, and making it extremely improbable that anyone reading said notice would be able to detect who the real parties to said suit were.

"And plaintiff says that on account of said Mary E. Hanks not instituting said suit in the real names of the parties, said court never got nor could get jurisdiction of either party, or of the cause, and that said alleged decree is spurious, bogus and should be for naught held.

"5th. Plaintiff further says that said alleged Iowa decree can have no extraterritorial effect or force and cannot bind this plaintiff, that he has never been subject to said court's jurisdiction nor was he served with actual notice to appear and defend said suit, but that his domicile has been in Jackson county, Missouri, where plaintiff and defendant were married and lived during the entire term of their married life."

In the record before us there are two preliminary matters to determine before we reach the merits of this case. First, has this court jurisdiction? Secondly, have we before us such an abstract of record as, under our rule, permits us to examine into the merits of the cause? The latter inquiry is raised by counsel; the former we raise ourselves, for if we have no jurisdiction, we shall so determine, but leave untouched all other matters.

I. As to our jurisdiction, it occurs to us that constitutional questions are properly and timely raised in the third paragraph of the reply. The effect of this pleading is to aver that the judgment of the Iowa court upon service by publication was void, because violative of the constitutional provisions, both State and Federal, therein specifically named. Whether there is merit in the question raised, is for us to determine, but being

218 Sup—43

timely raised it is sufficient to give us jurisdiction. The invalidity of this Iowa decree could not have been raised earlier than in the reply for it appears for the first time in the answer.

As was well said by LAMM, J., in Lohmeyer v. St. Louis Cordage Co., 214 Mo. l. c. 689: "But it must be taken as settled law that in so grave a matter as a constitutional question it should be lodged in the case at the earliest moment that good pleading and orderly procedure will admit under the circumstances of the given case, otherwise it will be waived. [Barber Asphalt Co. v. Ridge, 169 Mo. l. c. 387, 68 S. W. 1043, *et seq.*] If plaintiff grounds his right of action on a statute which defendant contends is unconstitutional it should be put in the answer and kept alive. If the defendant grounds an affirmative defense on a statute that plaintiff contends has a like vice, it would seem he should plead its unconstitutionality in the reply (though that has been questioned). [Kirkwood v. Meramec Highlands Co., 160 Mo. 111, 60 S. W. 1072.] If proper to put it in instructions, it should be lodged there and the ruling of the court invoked."

Whether the doctrine announced by Judge LAMM is in conflict with the case he cites, Kirkwood v. Meramec Highlands Co., 160 Mo. 111, may be debatable, but we hardly think there is serious conflict. First, in the Kirkwood case, the pleader failed to point his finger to a single constitutional provision which was violated by the law pleaded. The language used was, "Is unconstitutional, null and void and is no law of the State of Missouri binding upon the plaintiff." Under this pleading no constitutional question was raised in the pleadings, for we have always held that the plea must point to the portion of the Constitution which is being invoked. The constitutional provision not being properly pleaded, and the instructions not presenting such question, BURGESS, J., rightfully held that the question was not in the case. Some of the language might be

interpreted to mean that such question could not be raised in a reply, but we hardly think that it was so intended. Then again we can imagine a case wherein, although a constitutional question was properly pleaded, yet the further record in the case might show an abandonment of that issue, and such may have been the Kirkwood case, although it does not clearly so appear from the opinion. But be this as it may, we are firmly of the opinion that a constitutional question not only may, but should appear in the reply, when that is the first time and place for it to be lodged, and that such a question is sufficiently lodged in the pleadings in this case to give this court jurisdiction. We shall therefore proceed to determine the case here.

II. The purported abstract of record fails to show that any bill of exceptions was ever filed in the cause. Pages 1 to 14 thereof, inclusive, are taken up with the pleadings which we have hereinabove outlined. Then beginning on page 15 and ending on page 28 is printed what purports to be a bill of exceptions, and on the following but unnumbered page is an index. This is the whole document denominated an abstract of the record. Nowhere is it stated that the bill of exceptions was actually filed, or any record entry of the filing thereof made. In this, the abstract is totally insufficient, under our rule, to permit us to examine into the exceptions contained in the bill of exceptions. To us this bill of exceptions must be as a sealed book. This court has been so explicit upon this point that even the wayfaring need not be misled or go astray. Speaking of a similar situation in Harding v. Bedoll, 202 Mo. l. c. 634, we said: "Upon this point the abstract is wholly insufficient. A bill of exceptions is part of the record when signed by the trial judge and by him ordered filed, but there should be a record entry showing the filing thereof, and this record entry should be properly abstracted so as to show the facts. That the bill of exceptions has been made a part of the record must

come from the record proper and not from the recitals in the bill itself.'' To the same effect are: Pennowfsky v. Coerver, 205 Mo. 135; Hill v. Butler Co., 195 Mo. l. c. 514; Bick v. Williams, 181 Mo. l. c. 527; Daggs v. Smith, 193 Mo. l. c. 499; Hogan v. Hinchey, 195 Mo. l. c. 533.

III.  By defendant we are asked in the brief filed to dismiss the appeal.  This we can not do.  There are before us, and properly abstracted, all the pleadings in the case.  The appeal is taken by the short form, from which we have the judgment and the order granting the appeal, although neither is mentioned in the abstract of record, except in the purported bill of exceptions, and this we cannot go into for any purpose. Neither the judgment, nor the order granting the appeal, has any place in a bill of exceptions.  They belong to what our cases denominate the record proper.  But in our recent cases we have held that where the appeal is by the short method, and a certified copy of the judgment and order of appeal is on file with our clerk, we will consider such instruments, and instead of dismissing the appeal, reverse or affirm the case, as may be indicated by the pleadings and the judgment. [Coleman v. Roberts, 214 Mo. 634; Booth v. Railroad, 217 Mo. 710; Elliott v. Delaney, 217 Mo. 14.]

In the first case, supra, we examined the pleadings and judgment and affirmed the judgment.  In the latter case, supra, we examined the pleadings and judgment, but reversed and remanded the case.  Under these authorities we shall not dismiss the appeal, but will examine the pleadings and judgment and determine the status of defendant's judgment therefrom, when considered with the applicable law.

IV.  The pleadings are stated in the statement of facts.  The judgment as certified to this court reads:

''Now on this day this cause coming on regularly for trial come the parties hereto by their respective at-

torneys and this cause is submitted to the court upon the pleadings and the court after hearing all the evidence and being fully advised in the premises finds that the decree of divorce granted by the district court of the State of Iowa, in and for the county of Polk, to the defendant herein, is valid and binding on the courts of this State and is a bar to this action.

"Whereupon the court dismissed this suit.

"Wherefore it is ordered and adjudged by the court that the plaintiff take nothing by reason of this suit and that the defendant go hence without day and recover of and from said plaintiff all costs of suit and have therefor execution."

To better understand the issues upon which the judgment was entered it is well to set out in full that part of the answer pleading the Iowa judgment. It reads:

"That this defendant, on to-wit, the 17th day of April, 1905, instituted against this plaintiff, a suit for divorce in the District Court of the State of Iowa, within and for the county of Polk, therein,—a court of said State of Iowa having and exercising general common law jurisdiction at and within said county and having jurisdiction to try and determine suits for divorce—and did file her petition therein alleging due and legal grounds therefor and praying to be divorced from plaintiff; that thereafter such proceedings were had in said court and cause that this plaintiff was duly and legally summoned as defendant therein, and on the 3rd day of May, 1905, upon trial duly and legally had in open court, judgment and decree was duly given and rendered in said court and cause in favor of this defendant (plaintiff there) and against this plaintiff (defendant there), severing and annulling the bonds of matrimony theretofore existing between plaintiff and defendant (to which reference is made to the petition filed herein) and divorcing defendant from plaintiff.

"That copies of proceedings had and records made in said suit in said district court, duly certified according to the Act of Congress of the United States in that behalf enacted, are hereto attached, marked 'Exhibit A' and hereby made a part of this plea in abatement.

"Wherefore defendant prays that this cause be abated and that defendant may go hence with her costs."

It will be noticed that the answer pleads in appropriate terms the Iowa judgment, and then it winds up by saying that copies of all the proceedings are attached to it as "Exhibit   A" and made a part of the plea. The answer avers that the defendant in the Iowa suit (plaintiff herein) "was duly and legally served." There is nothing to controvert this allegation, unless it could be said that the exhibits attached thereto so controverted it. But can we consider this exhibit, as a part of the answer? We think not. In the early case of Kern v. Insurance Co., 40 Mo. l. c. 25, where a like question came up, this court said: "It is true that the plaintiff, in declaring upon the policy, refers to it as being attached to and made a part of the petition. But whatever form of words may be used in referring to papers which are to be understood as mere exhibits in the cause, they cannot in any proper sense make them parts of the pleading. [Hadwin v. Home Mut. Ins. Co., 13 Mo. 473; Curry v. Lackey, 35 Mo. 392; Baker v. Berry, 37 Mo. 306; Bowling v. McFarland, 38 Mo. 465.]"

It will be observed that in that case the pleader undertook to make the insurance policy a part of the pleading practically in the same manner as the pleader in this case tried to make "Exhibit A" a part of the plea.

The Kern case, supra, has met with frequent approvals by the courts of this State. [Reed Bros. v. Nicholson, 158 Mo. l. c. 631; Pomeroy v. Fullerton, 113

Mo. l. c. 453; Pharis v. Surrett, 54 Mo. App. l. c. 11; State to use v. Samuels, 28 Mo. App. l. c. 653.]

In the latter case, ROMBAUER, J., said: "The exhibit was not part of the petition, and could not be made such by any statement in the petition to that effect. [Kern v. Ins. Co., 40 Mo. 19, 25, and cases cited.] This is true even of an instrument forming the basis of an action, and executed by the adverse party, and *a fortiori* of a mere memorandum made by the plaintiff himself, as this exhibit purported to be."

Along the same lines are the cases of Vaughan v. Daniels, 98 Mo. 230; Hickory County v. Fugate, 143 Mo. 71. And such seems to be the rule in most jurisdictions. [8 Ency. Pl. & Pr., 740.]

Eliminating then, as we must, the "Exhibit A" from the answer, how does the judgment entered accord with the pleadings? If it is such a judgment as could be properly entered on the pleadings we should affirm, for the alleged errors are sealed in the alleged bill of exceptions.

This answer, eliminating the exhibit, says that the defendant in the Iowa court was duly and legally severed with process. In support of this allegation there might have been a judgment introduced showing personal service in Iowa. We are not permitted to go into the evidence to see what in fact was shown. There might have been evidence introduced fully justifying the decree entered. Whether or not there was such evidence, the plaintiff by reason of his faulty abstract has precluded our investigation. With a judgment which could be properly entered upon the pleadings, it will be presumed that there was evidence to support it, in the absence of such evidence in this court, as in the case at bar.

There being nothing before us but the pleadings and judgment and the judgment being such as under proper evidence might have been entered under the pleadings, we have nothing to do except to affirm it,

and it is so ordered.   And whilst the constitutional question is sufficiently raised to confer jurisdiction the remainder of the record is such as to render it unnecessary to pass thereon. Let the judgment be affirmed as above stated.

All concur.