M. KIELY *et al.*, Respondents, v. MARY E. HICKCOX, Appellant.

Kansas City Court of Appeals, May 3, 1897.

1. **Life Insurance**: EXEMPTIONS IN FAVOR OF WIDOW: CREDITOR'S RIGHTS: FRAUD. When the wife of an insolvent husband insures his life, or is the beneficiary in the policy, such policy *ipso facto* becomes her property and the creditor has no interest in it or its proceeds. If the insurance has been paid for by the funds of the husband in excess of the amount exempted by the statute, the creditor may claim such excess, but can not appropriate the policy which never belonged to his debtor,—and all this, too, without regard to the fraudulent intent of the debtor.

2. ———: ———: STATUTORY CONSTRUCTION. Sections 5851, 5854, Revised Statutes, 1889, are not inconsistent, but each section stands in silent recognition of the other, and the limit of five hundred dollars annual premium applies to any policy in either of said sections mentioned, where such premium is paid out of the funds of the husband.

*Appeal from the Moniteau Circuit Court.*—HON. D. W. SHACKLEFORD, Judge.

REVERSED AND REMANDED.

*Fulkerson & Hart* and *Jas. E. Hazell* for appellant.

(1) Money collected by the widow upon the policies of insurance taken out by the husband for her benefit is not subject to the claims of his creditors. R. S. 1889, sec. 5854; *Wanschaff v. Benefit Society of Indiana*, 41 Mo. App. 211, at page cited; *Harvey v. Harrison*, 14 S. W. Rep. (Tenn.) 1083; *Bank v. Hume*, 51 App. Rep. 780; *Bank v. Hume*, 128 U. S. 195; *McCutchen's Appeal*, 99 Pa. St. 133; *Pence v. Makepeace*, 65 Ind. 345; *Thompson v. Cundiff*, 11 Bush. (Ky.) 569; *Reed*

*v. Painter*, 129 Mo. 674. Section 5854, above cited, governs in this case, section 5851 having no application, the latter being intended to apply to insurance taken out by the wife and paid for out of the funds or property of the husband. *Baker v. Young*, 47 Mo. 455. (2) These sections, 5854 and 5851, are in perfect harmony, and as originally enacted form parts of the same act—"An Act Concerning Domestic Relations," introduced in our legislature as "Senate Bill No. 76, Title 31," approved February 19, 1866, and first appearing in the printed statutes as sections 18 and 15, of title 31, chapter 115, General Statutes of Missouri of 1866. Prior to this act of February 19, 1866, the legislature of this state by an act entitled, "An Act to Secure to Widows and Orphans the Benefit of Life Insurance," approved February 28, 1851, Session Acts of 1851, pages 296, 297, had expressly declared that "no life insurance hereafter to be effected by any husband on his own life, whether the same shall have been effected before or after his marriage, shall be liable to any creditor of said husband, unless it shall be expressed on the face of the policy that it is intended, first for the benefit of creditors. * * *" This act has never been repealed. To like effect, though more limited in its application, is section 43, chapter 74, of "An Act Concerning Private Corporations." Missouri Session Acts 1865, p. 59. This act was approved March 19, 1866, by the same assembly that enacted the "Act Concerning Domestic Relations," above cited. The only case decided by the appellate courts of this state that can be cited as supporting a doctrine different from that announced as the first proposition contended for by appellant, is that of *Pullis v. Robison*, reported first in 5 Mo. App. 548, and again in 73 Mo. 201. But this case appears to have been decided by both courts without the court's attention being called to the fact that our

statutes contained two sections, one respecting insurance on the life of the husband taken out by the wife, but paid for out of the property of the husband, and a second respecting insurance taken out on the life of any person for the wife's benefit, by herself, by her husband, or by any third person in her behalf.

*W. M. Williams* and *Moore & Williams* for respondents.

(1) The findings of the lower court are conclusive. The husband of the defendant, knowing himself to be insolvent, with intent to cheat and defraud his creditors, used their funds to purchase the insurance, and such insurance inures to their benefit. The husband acted as the agent of the wife; it becomes her act. She can not claim the insurance so procured without accepting the consequences of her husband's acts. *Baker v. Ins. Co.*, 43 N. Y. 284; *Thompson v. Ins. Co.*, 46 N. Y. 674; *Pitt v. Berkshire Life*, 100 Mass. 500; *Kipp v. Hanna*, 2 Bland, 33; *Emmerson v. Bemis*, 69 Ill. 441; *Shaler v. Trowbridge*, 28 N. Y. 545; *Reed v. Painter*, 129 Mo. 683; *Whitehead v. Ins. Co.*, 102 N. Y. 143. (2) The amount of insurance purchased by the premium paid in excess of five hundred dollars inured to the benefit of the creditors. *Ins. Co. v. Brant*, 47 Mo. 419–425; *Pullis v. Robison*, 73 Mo. 202; *Gambs v. Ins. Co.*, 50 Mo. 44; *Chapman v. McIlwrath*, 77 Mo. 46. (3) Acts of the character of our insurance law, as applied to the amount of premium used in purchasing insurance, are exemption laws. *Trans. Co. v. Borland*, 31 Atl. Rep. (N. J.) 272; *Jones v. Patty*, 18 S. Rep. (Miss.) 795; *Cross v. Armstrong*, 44 Ohio, 613.

ELLISON, J.—Plaintiffs are creditors of the estate of John F. Hickcox who died March 1, 1895. Defend-

STATEMENT.

ant is his widow. Plaintiff's petition alleges that Hickcox was hopelessly insolvent in his lifetime and continued so to his death thus leaving his estate insolvent. That while in this insolvent condition in September, 1894, he took out a policy of insurance on his life for the benefit of defendant for the sum of $20,000, on which the annual premium was $701.20. That he took out said policy for defendant's benefit and paid the premiums thereon, with intent to hinder, delay, and defraud his creditors, and that the premiums were paid with money belonging to his creditors. That since the death of Hickcox, defendant has collected substantially the amount of the policy and is retaining it for her own benefit. The prayer of the petition was that the money so collected by defendant on said policy be declared a trust fund in her hands for the benefit of creditors of deceased. Defendant demurred to the petition on the ground, among others, that it failed to state a cause of action. The court overruled the demurrer and the defendant comes here for relief.

The case involves a construction of sections 5851 and 5854, Revised Statutes, 1889. The former section reads as follows: "It shall be lawful for any married woman, by herself and in her name, or in the name of any third person, with his assent as her trustee, to cause to be insured, for her sole use, the life of her husband, for any definite period or for the term of his natural life; and in case of her surviving such period or term, the sum or net amount of the insurance becoming due and payable by the terms of the insurance shall be payable to her and for her own use, free from the claims of the representatives of her husband or of any of his creditors; but when the premiums paid in any year out of the funds or property of the husband shall exceed five hundred dollars, such exemption from

such claim shall not apply to so much of said premiums so paid as shall be in excess of five hundred dollars, but such excess, with interest thereon, shall inure to the benefit of his creditors."

The latter section is as follows: "Any policy of insurance heretofore or hereafter made by any insurance company on the life of any person, expressed to be for the benefit of any married woman, whether the same be effected by herself or by her husband, or by any third person in her behalf, shall inure to her separate use and benefit, and that of her children, if any, independently of her husband and of his creditors and representatives, and also independently of such third person effecting the same in her behalf, his creditors and representatives; and a trustee may be appointed by the circuit court for the county in which such married woman resides, to hold and manage the interest of any married woman in such policy, or the proceeds thereof. In the event of the death of such married woman before her husband, the said policy shall inure to the children of such marriage to the exclusion of creditors and executors and administrators of said husband, any technical words or phrases in the policy to the contrary notwithstanding."

We have not been cited to a case placing a construction on these statutes as they now stand and have stood since the revision of 1879. The sections are respectively designated as sections 15 and 18, chapter 115 in the revision of 1865. The last clause of section 15 of the last named revision was radically different from the last clause of section 5851 of the present statute. The clause referred to in section 15 reads: "But such exemptions shall not apply when the amount of premium annually paid shall exceed three hundred dollars." So, by force of that clause, the statute had

*[margin note: Life insurance; exemptions in favor of widow: creditor's rights: fraud.]*

no application to instances where the annual premiums exceeded $300. And all matters relative to the insurance would be as if the statute had not existed. But it will be seen that the present statute is not near so broad in the character of the proviso. In the present statute the amount of annual premium which may be paid is raised to $500 and when in excess of that sum it is only such *excess of premium* and interest thereon, which may be subjected to the claims of creditors. The protection of the statute remains as to the amount of the insurance, however excessive the premium may be. The creditor has no right to the insurance which may have been purchased by the excess of premium. He can only subject the excess of premium and interest on such excess. A debtor should use his means so as not to put them out of the way of his creditors, but the policy of exemption obtains and the legislature has seen fit to exempt $500 annually out of the husband's funds for the protection of his family. If he uses more than that sum the excess may be subjected to the claim of the creditor. But the creditor can have no just claim on the insurance which the excess of premium pays for. The policy of insurance when taken out in the wife's name is *her* property.

When a wife of an insolvent husband insures his life, or she is the beneficiary in the policy, it *ipso facto* becomes *her* property. A creditor has no interest in it, or its proceeds, when collected. If it has been paid for by funds of the husband, such funds, in excess of the exemptions, have been wrongfully diverted and may be claimed by the creditor, but he has no right to appropriate the policy which never belonged to his debtor.

The foregoing construction of the statute leaves no consequence to be attached to plaintiff's allegations of the design and intent on the part of the deceased to

defraud his creditors.   What he expended in premium to the amount of $500, whatever his intentions, could not affect creditors, since that which the law authorized him to do could not be fraudulent;   and the premium in excess of $500 would be liable to plaintiff's claims without regard to his intention.

Another consideration has been presented to us. There is nothing inconsistent between sections 5851 and 5854.   The latter section includes not only policies which may be effected by the husband or some third person for the benefit of the wife, but also those policies which have been taken out by the wife herself, as contemplated by section 5851.   So that unless the sections are construed together, exemptions under the same policy would be limited by one and unlimited by the other; for section 5854 is general in its terms of exemption, and while including the same policy embraced by section 5851, it places no limit on the exemption.   But evidently the legislature intended that there should be a limit to the exemption under either of the forms of policies contemplated by either section.   Each section stands in silent recognition of the other.   The limit of $500 annual premium applies to any policy (in whichever section mentioned) where such premium is paid "out of the funds or property of the husband."

*—: —: statutory construction.*

By reference to briefs of counsel it will be seen that several authorities on the subject of claims of creditors on insurance taken by the wife or for the wife and paid for out of the husband's funds have been cited.   None of these construe the statute as it now stands on the points in controversy here, and for that reason we have not referred to them in the course of this opinion.

The result of our conclusion being that plaintiffs as creditors have no right on anything more than the

excess of annual premium, which may have been paid out of the husband's funds, over $500, we will reverse the judgment and remand the cause.    All concur.