JACOBS, *Appellant*, v. OMAHA LIFE ASSOCIATION.

Division One, December 7, 1897.

| 142 | 49 |
| s146 | 523 |
| 146 | 538 |
| 147 | 139 |
| 147 | 573 |
| 80a | 105 |

| 142 | 49 |
| s146 | 523 |
| 154 | 627 |

| 142 | 49 |
| s146 | 523 |
| 164 | 685 |
| 164 | 686 |
| 164 | 693 |
| 164 | 700 |

| 142 | 49 |
| 97a | 4646 |
| 97a | 4662 |

1. **Life Insurance**: ASSESSMENT COMPANIES: QUESTIONS OF FACT. The burden of proof is on defendant to show that it is an insurance company on the assessment plan, when such fact is put in issue by the pleadings, and an admission in its adversary's pleading that it is "a benevolent corporation" is not an admission that it is an assessment company.

2. ———: ———: ———: DEFINITION. Only such companies are insurance companies on the assessment plan, as fall within the definition given by the statute, which is that "the payment of the benefit is in šome manner or degree dependent upon the collection of an assessment upon persons holding similar contracts."

3. ———: ASSESSMENTS OR PREMIUMS: CASE STATED. An insurance policy which calls for a payment of $26.50 every three months for fifteen years if the insured lives that long is a premium policy.

4. ———: REPRESENTATIONS: WARRANTIES. No representations made in obtaining or securing a policy of insurance in an "old line company" is material, unless the matter misrepresented actually contributed to the death of the beneficiary; but representations made in the application for a policy in a company on the assessment plan, which by

VOL. 142 mo—4

the policy are made warranties, will avoid it if false, and whether or not such representations are warranties is a question of fact to be determined by the jury from the contract itself when read in the light of all the circumstances.

5. ———: PRACTICE: JUDGMENT OR PLEADINGS: CASE STATED. In this case plaintiff sued on four certificates of insurance, alleging defendant was a "benevolent corporation." Defendant answered that it was an assessment company, and that the plaintiff could not recover because the insured represented in his application that he lost his leg in 1883, when in fact the accident was in 1893, and the policy made the representations of the application warranties, and it was issued on the condition that the representations were true. Plaintiff replied that the year 1893 was by mistake of the agent of the company written "1883." Thereupon defendant moved for judgment on the pleadings, which was sustained. The policy showed that the insured agreed to pay $26.50 every three months for fifteen years. Held, that whether or not the company was an "old line" or an assessment company, and whether or not the representations were warranties, were both questions of fact for the jury, and a judgment on the pleadings was error.

*Appeal from Ray Circuit Court.*—Hon. E. J. Broaddus, Judge.

Reversed and remanded.

*James W. Garner* and *C. T. Garner* for appellant.

(1) To constitute the statements in the application a warranty, the application must be made a part of the policy, and a warranty upon the part of the assured. In the absence of this stipulation in the policy the application is collateral, and statements made therein are merely representations. *Ins. Co. v. Robertson*, 39 Ill. 123; *Miller v. Ins. Co.*, 31 Iowa, 217; *Williams v. Ins. Co.*, 31 Me. 219; Bacon's Ben. Soc. and Life Ins., sec. 194. (2) The defendant is not aided by the fact that such certificate is filed with the petition; it did not thereby become a part of the petition, and could not be considered by the court unless brought to the attention of the court by being introduced in evidence.

*Pomeroy v. Fullerton*, 113 Mo. 440; *Morrell v. Trust Co.*, 46 Mo. App. 236; *Vaughn v. Daniels*, 98 Mo. 230. (3) Where a forfeiture is relied on to avoid a contract, the conditions must be pleaded and proven, and the burden of proof is on the party who seeks to avail himself of such forfeiture. *Glover v. Henderson*, 120 Mo. 367; *Chadwick v. Triple Alliance*, 56 Mo. App. 463. (4) The strong inclination of the courts is to make these questions and answers in insurance applications binding only so far as material to the risk. *Ins. Co.*, 80 Ala. 467; *Mouler v. Ins. Co.*, 111 U. S. 335; *Wilkerson v. Ins. Co.*, 30 Iowa, 119; *Helly v. Sven*, 54 Cal. 156; *Life Ass'n v. Gillespie*, 110 Pa. St. 84; *Ins. Co. v. Barker*, 9 Heisk (Tenn.), 606; *Bank v. Ins. Co.*, 88 Cal. 156; *Bank v. Ins. Co.*, 95 U. S. 673. (5) We do not say the illness or injury must be material to the risk, but it must be such as in the judgment of the jury was in contemplation of the insurer. *Ins. Co. v. Barker*, 9 Heisk (Tenn.), 606; *Wilkinson v. Ins. Co.*, 30 Iowa, 119; *Ins. Co. v. Roddie*, 120 U. S. 184; *Brown v. Ins. Co.*, 65 Mich. 307; *Ross v. Bradshaw*, 1 Wm. Black, 312; *Life Ass'n v. Gillespie*, 110 Pa. St. 84; *Pudridzky v. Supreme Lodge K. of H.*, 76 Mich. 428. (6) The defendant's reply also contained an averment if any such error was made in the medical examiner's report that the same was made by the agent of the defendant. If this allegation was true, defendant is estopped from taking advantage of such error. *Baker v. Ins. Co.*, 64 N. Y. 648; *Flynn v. Ins. Co.*, 74 N. Y. 360; *Gratton v. Ins. Co.*, 92 N. Y. 285; *McCall v. Ins. Co.*, 9 W. Va. 237.

*Lavelock & Kirkpatrick* and *F. P. Divelbiss* for respondent.

(1) The petition alleges and the answer admits, that the Omaha Life Association is a benevolent

corporation doing a life insurance business on the assessment plan. It therefore is not subject to the provisions of sections 5849 and 5850, Revised Statutes, 1889. *Whitmore v. Sup. Lodge*, 100 Mo. 47; *Hanford v. Mass. Ben. Ass'n*, 122 Mo. 50; *Theobold v. Sup. Lodge*, 65 Mo. App. 87; *Sparks v. Life Indemnity Co.*, 61 Mo. App. 109. (2) The statement of assured in his application and examination are by contract made warranties, and if untrue in any respect, no recovery can be had on the policy. Richards on Ins. [2 Ed.], sec. 53, p. 62; 1 Bacon, Ben. Soc. [2 Ed.], sec. 197, p. 329; *Loehner' v. Ins. Co.*, 17 Mo. 247; *Mers v. Ins. Co.*, 68 Mo. 127; *Whitmore v. Sup. Lodge*, 100 Mo. 47; *Hanford v. Mass. Ben. Ass'n*, 122 Mo. 50; *Lama v. Ins. Co.*, 51 Mo. App. 447; *Maddox v. Ins. Co.*, 56 Mo. App. 343. (3) The statements and representations being warranties, their breach vitiates the certificate or policy of insurance sued on; particularly is this true, when by the terms of the contract, they are all declared to be material to the risk. Richards on Ins. [2 Ed.], sec. 58, p. 66; *Jeffries v. Ins. Co.*, 22 Wall. 47; *Ins. Co. v. France*, 91 U. S. 510; *Day v. Ins. Co.*, 29 Am. Rep. 565; *Boyd v. Ins. Co.*, 90 Tenn. 212; *Ins. Co. v. Simpson*, 31 S. W. Rep. (Tex.) 501. (4) This rule obtains even though the assured may have acted in good faith; especially is this true, where, as in this case, the assured stipulated in his application and examination that if any of the statements or answers contained therein, whether made in good faith or otherwise, were in any respect untrue; then the certificate or policy should be null and void. May on Ins. [2 Ed.], sec. 300, p. 397–398; Richards on Ins. [2 Ed.], sec. 55, p. 62; 1 Beach on Ins. sec. 423, p. 401; 1 Bacon on Ben. Soc. [2 Ed.] sec. 197, p. 329; *Davenport v. Ins. Co.*, 6 Cush. 341; *Miles v. Ins. Co.*, 3 Gray, 580; *Baumgart v. Mod. Wood*, 55 N. W. Rep. (Wis.) 713; *Cozenore v. Ins. Co.*, 6 C.

B. (U. S.) 437. (5) The replication of the plaintiff admits that the answer of Robertson L. Jacobs relating to the date when his leg was broken, together with the other answers dependent thereon, were untrue. Under this admission of plaintiff, is it possible to escape a forfeiture? He declared at the close of his medical examination that he had read over his answers and they were written as answered by him. Fraud, misrepresentation, imposition or deceit may excuse one from knowing the contents of a paper he signs, but negligence, never. Besides, there is no pretense of fraud or imposition. 1 Beach on Ins., sec. 416, p. 394; *Snider v. Express Co.,* 63 Mo. 383; *Palmer v. Ins. Co.,* 31 Mo. App. 472; *Mensing v. Ins. Co.,* 36 Mo. App. 607; *School Dist. v. Ins. Co.,* 61 Mo. App. 600; *Ins. Co. v. Fletcher,* 117 U. S. 519; *Wilkens v. Mut. Life Ass'n,* 54 Hun. 294.

MACFARLANE, J.—This is a suit on a certificate or policy of insurance.

The petition, in substance, charges that plaintiff is the widow of Robertson L. Jacobs, deceased, and defendant is a benevolent corporation doing business under the laws of Nebraska. That on the first day of June, 1894, in consideration of the payment of $26.50 and the payment thereafter of $26.50 quarterly for the period of fifteen years, defendant executed and delivered to said Robertson L. Jacobs its five beneficiary certificates, each for the sum of $1,000, the same constituting a policy of insurance in said association whereby it promised to pay plaintiff the said sum of $5,000 within ninety days after proof of the death of the said Robertson L. Jacobs.

The petition then charges the death of said Robertson on the twenty-ninth day of June, 1896, and proof thereof; that the said insured and plaintiff kept and

performed all the conditions contained in said policy and the by-laws of said association, yet defendant neglected and refused to pay said sum. Judgment is demanded for the amount due.

The answer of defendant admits that it is a benevolent corporation under the laws of Nebraska; admits that it issued the certificate of membership; admits the death of Jacobs and due proof thereof. The answer then avers that it is a benevolent society and sets out in full article 3 of its charter which shows the general nature of the business to be that of giving aid to the families of deceased members. It avers that under the laws of Nebraska it is authorized to transact the business of a fraternity on the assessment plan and is, and at the date of the policy was, authorized to transact business within this State on the assessment plan. The answer then charges that admission of said Jacobs to membership was in consideration of statements, declarations, and warranties contained in his application and medical examination. That by the said application, which is made a part of the contract, the applicant stipulated and warranted that the answers and explanations given to questions propounded to him were full, complete, and true, and that each and every such statement and answer was material to the risk. That the statements were declared to be the exclusive and only basis of the contract, and if any misrepresentation, or fraudulent, or untrue answers were made the agreement and policy of insurance should be void. The answer further charges that in said medical examination the following question was asked: "State particulars of any illness, constitutional disease, or injury you have had, giving date, duration, and remaining effects, if any?" To which question he made the following answer: "None, except broken leg, March, '83," which answer was untrue; the said injury having

occurred in March, 1893; and the following further questions were asked: "When did you last consult a physician?" to which he answered: "When leg was broken." "For what did you consult him?" to which he answered "Above." "Have you consulted or obtained the advice of any medical man within the last ten years?" to which he answered: "No;" which last answer was untrue. By reason of these false answers defendant charges that the certificate is null and void.

The reply to the answer denies each allegation of new matter contained therein, and states specially that: "The application referred to in said answer was not written by the deceased, Robertson L. Jacobs, but by the agent of the defendant, and that the allegation therein, that deceased's leg was broken in March, 1883, was a clerical mistake made by the agent of defendant in making out and writing the deceased's application for insurance. Plaintiff states that the same was not material and did not affect the merits of the risk, or the condition of defendant's soundness of body or condition of health. And plaintiff denies that any of the allegations contained in said answer of defendant contain any material or meritorious matters of legal defense to the just and meritorious cause of action contained in plaintiff's petition in this cause."

When the case was called for trial the bill of exceptions shows the following proceedings:

"Defendant in this cause now moves the court for a judgment on the pleadings as shown (admitted) by the replication filed therein.

"Which said motion for judgment was by the court sustained.

"And to the ruling of the court in sustaining said motion the plaintiff then and there excepted and saved her exceptions.

"On motion for judgment the plaintiff then offered

in evidence the certificate or policy of insurance issued
by the defendant to Robertson L. Jacobs, the applica-
tion for said policy, and the medical examination."

This evidence was excluded by the court, but is
preserved in the bill of exceptions. The application,
as well as the declaration and examinations, contains
certain stipulations, agreements and warranties, and
the examination contains the answers to questions as
charged in the answer.

The policy of insurance is as follows:

"No. 11177.        OMAHA LIFE ASSOCIATION.        $5,000.

"Age, 42.                        Premium, $26.60.

"In consideration of the application for this policy
of insurance, which is hereby referred to and made
part of this contract, and of the statements made
therein, which statements every person accepting or
acquiring an interest in this contract adopts as his own
and warrants to be full, complete, and true, and of the
first premium paid on or before the delivery hereof, the
Omaha Life Association does hereby issue to Robert-
son L. Jacobs, of Richmond, county of Ray, State of
Missouri, its certificates of membership numbered
11173, 11174, 11175, 11176, 11177 for the sum of one
thousand dollars each, the same constituting a policy
of insurance in said Omaha Life Association numbered
11177 for the sum of five thousand dollars and upon
the consideration aforesaid and upon the condition of
the payment of the sum of twenty-six and sixty one
hundredths dollars to be paid quarterly on the first
day of September, December, March, June of each
and every year for the full term of fifteen years pay-
able at the home office of the association in the city of
Omaha, in the State of Nebraska, and subject to all
the conditions, requirements and benefits stated on the
second and third pages of this policy of insurance,
which are hereby referred to and made a part of this

contract, there shall be payable to Lizzie C. Jacobs, his wife, if living at such time, otherwise to the legal representatives of said member the sum of one thousand dollars on each certificate then in force, within ninety days after the first day of the first calendar quarter next ensuing the date of acceptance by the association of satisfactory evidence of the death of said member. Provided: That if the insured shall come to his death before the expiration of five years from the date hereof then there shall be reserved by the said association from the face hereof such a sum as will, if added to the sum of all premiums which will then have been paid by the insured, equal to twenty-five per cent of the face hereof.''

The judgment was for defendant and plaintiff appealed.

The proceedings, as disclosed by the bill of exceptions, are unusual. Defendant moved for judgment on the admission in plaintiff's reply that applicant's leg was broken in 1883 when in truth that injury occurred in 1893. According to the record this motion was sustained and afterward the policy of insurance, the application, and the medical examination were offered in evidence, and evidence was also offered tending to prove that the breaking of a leg is not a constitutional injury or disease. This evidence was all excluded. The evidence offered is preserved in the bill of exceptions, and we will treat it, as the parties have treated it in argument, as a part of the record upon which the court acted in passing upon defendant's motion.

The question then is whether or not the incorrect answer of the applicant in respect to the date of his injury vitiated the policy.

Life insurance companies under the laws of Missouri are divided into two general classes, one of which is popularly known as ''old line companies'' and the

other as companies ·doing business on the "assessment plan." The first is defined, authorized and regulated by article II of chapter 89 of the general laws; the other by article III of the same chapter. In the first class it is provided that "no misrepresentation made in obtaining or securing a policy of insurance shall be deemed material, or render the policy void, unless the matter misrepresented shall have actually contributed to the contingency or event on which the policy is to become due and payable." R. S. 1889, sec: 5849. No such provision governs policies issued on the assessment plan. These are therefore to be construed by the general law. *Hanford v. Mass. Ben. Ass'n*, 122 Mo. 50; *Haynie v. Ins. Co.*, 139 Mo. 416. If this policy is not on the "assessment plan" then it is governed by the foregoing provisions of the statute, and the incorrect statement of applicant made to the medical examiner in reference to the date of his injury, does not avoid the policy unless the breaking of the leg contributed to his death.

The petition states that defendant is a "benevolent corporation, organized and doing business under the laws of Nebraska." Defendant by answer charges that it is a corporation under the laws of Nebraska and authorized to transact the business as a fraternity on the assessment plan and was, at the date of the issuance of the certificate sued on, and now is "authorized by the insurance department of the State of Missouri to transact business within this State on the assessment plan." These allegations were put in issue by the reply.

Whether or not defendant is an insurance company on the assessment plan, and therefore not governed by the provisions of the statute declaring the effect of misrepresentations in securing the policy, is a fact put in issue by the pleadings and the burden of

proof is upon defendant.   The fact that plaintiff calls defendant a "benevolent corporation" is not, we think, an admission that it does business on the assessment plan, or that this contract is under that plan.   The statute declares what shall constitute a certificate or policy of insurance on the assessment plan in the following words:   "Every contract whereby a benefit is to accrue to a person or persons named therein, upon the death or physical disability of a person also named therein, the payment of which said benefit is in any manner or degree dependent upon the collection of an assessment upon persons holding similar contracts, shall be deemed a contract of insurance upon the assessment plan, and the business involving the issuance of such contracts shall be carried on in this State only by duly organized corporations."  R. S. 1889, sec. 5860. A contract of insurance must fall within this definition before it becomes an insurance on the assessment plan; it does not matter under what name it does business, or what appellation may be given it by others.

The character of this contract was put in issue by the pleadings and the legal effect of the admission in the reply, that the date of applicant's injury was incorrectly given to the medical examiner, may depend upon the finding on this issue.   If the contract was not on the assessment plan, then the false date of the injury will not avoid it unless material to the risk.

An examination of the contract itself, and of the application which is made a part of it, fail entirely to show that the "benefit is in any manner or degree, dependent upon the collection of an assessment upon persons holding similar contracts."   The contract is conditioned upon the payment of the fixed sum of $26.60 quarterly. It is said in the *Hanford* case, *supra:* "It is true the fifteen dollars to be paid and used as an

expense fund is a fixed and defined sum paid annually and is in no sense an assessment. According to the first clause of the seventh condition of the policy the member must make a monthly payment at fixed and defined dates during his life, and the amount to be paid bi-monthly is also fixed by the table of rates. Thus far these policies are premium policies, for it does not make these fixed rates, payable at specified dates, assessments, to call them by that name." The fixed quarterly payments required under the contract in question are not even called assessments. They are, in fact, simply premiums to be paid quarterly for the period of fifteen years if the insured lives that long.

It is true the contract is made subject to all the conditions, requirements and benefits stated on the second and third pages of the policy, but neither party has incorporated these in the abstracts furnished us so we are not informed what they require.

The court therefore committed error in rendering judgment for defendant upon the pleadings, assuming that the evidence offered by plaintiff was considered in connection therewith. Whether or not the policy sued on was on the assessment plan, was a question of fact which plaintiff had the right to have tried, as the legal effect of the facts pleaded by defendant in avoidance of the contract may have depended upon the decision of that question.

In case it should be found, on a trial of that issue, that the contract in question is a policy of insurance on the assessment plan, then the question whether or not the declarations and representations of the insured are warranties must be determined from the contract itself, read in connection with what is referred to and made a part of it, and in the light of all the facts and circumstances. Not having all the evidence properly

before us we will not undertake to pass upon that question.

The judgment is reversed and the cause remanded. All concur.