MARIA CARUSO MATTERO, Respondent, v. THE CENTRAL LIFE INSURANCE CO., Appellant.

St. Louis Court of Appeals. Opinion Filed November 4, 1919.

1. **INSURANCE:** **Life Insurance: Premiums: Old Line Life Insurance.** Ordinary or old line life insurance is insurance on the level or flat rate plan, where for a fixed premium, payable, without condition, at stated intervals, a certain sum is to be paid upon death without condition.

2. ———: ———: ———: ———: **Attachment of Application to Policy Not Required.** Section 6978, Revised Statutes 1909, requiring life insurance companies doing business in this State on the "stipulated premium plan" to attach to the policy a copy of the insurance application therefor or to endorse the substance thereof upon the policy, has no application to companies doing a level rate or old line insurance business.

3. ———: ———: ———: ———: **Special Provisions for Particular Class Not Applicable to Others.** A special provision requiring the attachment to a life insurance policy of the application therefor, etc., found in a special statute defining and regulating insurance of a particular class, has no application to other distinct classes of insurance, unless expressly made so applicable.

4. **PLEADING: Exhibits: Not Part of Petition.** Though, according to the averments of the petition, the life insurance policy sued on was filed therewith as an exhibit, it became no part of that pleading.

Appeal from the Circuit Court of the City of St. Louis. —*Hon. Charles B. Davis,* Judge.

REVERSED AND REMANDED.

*Jones, Hocker, Sullivan & Angert* for appellant.

(1) The law did not require a copy of the application to accompany this policy. R. S. 1909, article 2 (old-line statute) ; Id., article 3 (assessment statute) ; Id., article 4 (stipulated premium statute, where alone such a provision is found) ; Id., article 5 (industrial and prudential) ; Id., article 9 (fraternal and beneficial) ; Whitemore v. Supreme Lodge, 100 Mo. 47 ; Hanford v. Benev. Assn., 122 Mo. 56 ; Jacobs v. Life Assn., 142 Mo. 57 ; Toomey v. Supreme Lodge, 147 Mo. 136 ; Haynie v. Knights Templars, 139 Mo. 58 ; Bankers' Life v. Chorn, 186 S. W. (Mo. Sup.) 683 ; Insurance Co. v. Rosenheim, 56 Mo. App. 34 ; McDermott v. Modern Woodmen, 97 Mo. App. 646. To construe and apply section 6978 as it was construed and applied by the trial court, is to render the statute void under section 28, article 4, Constitution of Missouri. (2) The court had nothing before it, in ruling on the motion, to show that a copy of the applica-

tion was not in fact attached to the policy. Exhibits are not a part of the pleadings. Kearney v. Woodson, 4 Mo. 114; Hadwen v. Home Mut. Ins. Co., 13 Mo. 473; Hall v. Harrison, 21 Mo. 227; Chambers v. Carthel, 35 Mo. 374; Deitz v. Corwin, 35 Mo. 376; Curry v. Lackey, 35 Mo. 389; Baker v. Berry, 37 Mo. 306; Dyer v. Krayer, 37 Mo. 603; Bowling v. McFarland, 38 Mo. 465; Kerr v. Insurance Co., 40 Mo. 19; Peake v. Bell, 65 Mo. 224; Hogan v. Christy, 3 Mo. App. 566; Vaughan v. Daniels, 98 Mo. 230; Hubbard v. Slavens, 218 Mo. 622; Hanks v. Hanks, 218 Mo. 678; Pullis v. Sommerville, 218 Mo. 649; Robinson v. Levy, 217 Mo. 510; McManus v. Butler, 213 S. W. 447. (3) Even if Revised Statutes 1909, section 6978, applied, it would not prevent a defense, nor a crossbill based on fraudulent substitution in the medical examination. Carter v. Insurance Co., 204 S. W. 399; Insurance Co. v. Hertiky, 138 Ky. 359; s. c., 128 S. W. 91; Insurance Co. v. Pate, 97 S. E. 874; Wilkins v. Insurance Co., 97 S. E. 879; Hews v. Life Assur. Soc., 143 Fed. 850; Insurance Co. v. Gee, 171 Ala. 435; s. c., 55 So. 166. (4) Damages and attorney's fees should not have been allowed. Shoe Co. v. Phoenix Co., 210 S. W. 37.

*Charles A. Lich* for respondent.

(1) The law did require a copy of the application to accompany this policy. Schuler v. Metropolitan Life Ins. Co., 191 Mo. App. 52; Hicks v. Metropolitan Life Ins. Co., 196 Mo. App. 162; Coscarello v. Insurance Co., 175 Mo. App. 130. (2) The trial court properly struck out defendant's cross-bill. 16 Cyc. 144; Stegmann v. Weeks, 214 S. W. 134, and cases above .cited. (3) The court properly struck out the parts of defendant's answer as indicated by plaintiff's motion to strike out. Cases cited under Point 1.

ALLEN, J.—This is an action upon a policy of life insurance for the sum of two thousand dollars ($2000)

issued by the defendant company on the life of one Vincenza Caruso. The petition alleges that the defendant is a corporation organized and existing under and by virtue of the laws of the State of Kansas, and duly licensed to "transact a life insurance business" in this State; that "on April 10, 1918, the defendant, in consideration of the payment by Vincenza Caruso to the defendant of $94.84, and a like premium to be paid on the tenth day of April, 1919, and in every year thereafter, during the continuance of the policy, until premiums shall have been paid for twenty years from April 10, 1918, did execute and deliver to said Vincenza Caruso its policy of insurance, in writing, whereby it insured the life of said Vincenza Caruso in the sum of $2000 for the benefit of said Vincenza Caruso's executors, and administrators or assigns." Alleging that thereafter the insured, for a valuable consideration, assigned the policy to plaintiff, a sister of the insured, that the insured died on August 18, 1918, that the premiums were duly paid as agreed, and that the policy was in force at the time of the death of the insured, etc., judgment is prayed for the amount of the policy, together with damages and attorneys fees for defendant's alleged vexatious refusal to pay the same.

The answer admits the incorporation of the defendant under the laws of the State of Kansas, and "that it is duly licensed to transmit the business of life insurance in the State of Missouri," and further admits the issuance of the policy and the death of the insured, as alleged. The answer then alleges that in the application for the policy the insured represented that she had never had a cancer or tumor; that said representations were false in that at the time of the application for the policy the applicant was, and for a long time prior thereto had been afflicted with a cancer or tumor, and that this contributed to her death. The answer further alleges that the policy was procured by fraud in that the real Vincenza Caruso did not answer the "medical questions" contained in the application, and did not un-
destroy his crop.

dergo the medical examination for the insurance, but that another person was substituted for and fraudulently represented herself to be the real Vincenza Caruso.

Defendant also filed a cross-bill praying for a rescission and cancellation of the contract of insurance on the ground of the fraud alleged to have been perpetuated upon it by reason of the alleged substitution of some other person for the real Vincenza Caruso when the "medical questions" were propounded and the medical examination was had.

Two motions were filed by plaintiff below, one being a motion to strike out the defense set up in the answer predicated upon the alleged misrepresentations, made in the application for the policy, concerning the state of health of the insured, and the defense of fraud respecting the aforesaid alleged substitution of some other person for the real Vincenza Caruso; the other motion being one to strike out all of the defendant's cross-bill. These motions proceeded upon the theory that the averments of the answer sought to be stricken out constituted no defense, and that defendant was entitled to no relief on account of the matter set up in its cross-bill, for the reason that a copy of the application was not attached to the policy sued on, nor was the substance thereof indorsed upon the policy. Both of these motions were sustained. The defendant having refused to plead further, the cause was tried before the court without a jury, resulting in a verdict and judgment in favor of the plaintiff in the total sum of $2514, and the defendant appealed.

Appellant has duly kept alive and brought here for review its exceptions to the rulings of the trial court, in sustaining the motion to strike out the aforesaid part of its answer, and in sustaining as well the motion to strike out all of its cross-bill. The rulings of the learned trial court upon these motions were based upon two rulings of this court to the effect that, in view of the provisions of section 6978, Revised Statutes 1909, a life insurance company, doing business as such in

this State, and which issued and delivered its policy within this State, was required by the provisions of said section to attach to the policy a copy of the insured's application therefor, or to indorse the substance thereof upon the policy; and that the failure of the company so to do would preclude it from availing itself of any of the alleged fraud with respect to the application of the insured for the insurance. [See Schuler v. Metropolitan Life Ins. Co., 191 Mo. App. 52, 176 S. W. 274; Hicks v. Life Ins. Co., 196 Mo. App. 162, 190 S. W. 661.]

An examination of the insurance statutes, however, readily reveals that the above mentioned cases proceeded upon the erroneous theory that section 6978, supra, applies to companies doing a life insurance business upon the "level rate" plan, i. e. issuing ordinary or "old line" life insurance policies; whereas, in fact, this section is a part of article 4, chapter 61, Revised Statutes 1909, which article applies alone to "insurance on the stipulated premium plan," as therein defined, and constitutes a separate code respecting insurance of that character. The section, as it appears in the revision of 1909, is as follows:

"Every corporation, company or association transacting business *under the provisions of this article* shall, upon the issuance of every policy, attach to such policy or indorse thereon the substance of the application upon which such policy was issued, and which is made a part of the contract of insurance, or referred to therein, or which may in any manner affect the validity of such policy." (Italics ours.)

This article, i. e., article 4 of chapter 61, supra, was enacted in 1899 (Laws 1899, p. 261) for the purpose of defining and regulating life insurance on the "stipulated premium plan," as appears from the title of the act. Section 6 of the original act, now section 6968, Revised Statutes 1909, clearly indicates the essential difference between this class of insurance and the ordinary or "old line" insurance, i. e., insurance on a level

or flat rate plan, "where for a fixed premium, payable, without condition, at stated intervals, a sum certain is to be paid upon death without condition." [Toomey v. Supreme Lodge K. of P., 147 Mo. 129, 48 S. W. 936.] Though the act contemplates a "stipulated premium," in the first instance, the last mentioned section thereof, after providing for the creation of an emergency fund, provides that if this fund be exhausted by reason of "excess mortality" or other cause, then the policy holders shall be required to pay additional premiums in order to replenish such fund; and that if a policy holder fails to pay such additional premiums, after having been given the notice required by the act, then his policy "shall be commuted proportionately." In other words, in this class of insurance the policy holder, while paying for the time being a stipulated premium, takes the risk of extra assessments should the same become necessary in order to replenish the emergency fund provided to be kept on hand.

That this article, defining and regulating insurance on the stipulated premium plan, is a code unto itself, for the regulation of insurance of this class, cannot be doubted. And section 4 of the original act (now section 6966, Revised Statutes 1909) provides that companies doing business thereunder "shall be subject only to the provisions of this act," with the exception that such companies are made subject to examination by the insurance department of the State under sections 5805 and 5806, Revised Statutes 1899, now sections 6889 and 6890, Revised Statutes 1909. When incorporated into the Revised Statutes the word "Act," as used in the original enactment, was changed to "article."

The statute then, which we applied in the Schuler case, supra, which ruling we followed in the Hicks case, supra, is not one applicable to companies doing a "level rate" or "old line" life insurance business, and hence not applicable to the business transacted by this defendant, as appears from this record. As said, the petition alleges that the defendant is licensed to "transact life insurance business" in this State; and from the aver-

ments of the petition it appears that the policy in suit is one issued upon a level or flat rate premium, or in other words an "old line" policy, and not a policy issued upon the "stipulated premium plan" as defined in article 4 of chapter 61, Revised Statutes 1909. Our statutes governing life insurance business upon the level rate plan contain no provision similar to section 6978, supra. And that a special provision of this character found in a special statute defining and regulating insurance of a particular class has no application to other distinct classes of insurance, unless expressly made so applicable, is a proposition which needs no citation of authorities in its support. But in this connection see: Whitmore v. Supreme Lodge K. & L. of Honor, 100 Mo. 36, 1. c. 47, 13 S. W. 495; Hanford v. Benefit Ass'n., 122 Mo. 50, 26 S. W. 680; Jacobs v. Life Association, 142 Mo. 49, 43 S. W. 375; Toomey v. Supreme Lodge, supra; Bankers Life Ins. Co. v. Chorn, 186 S. W. 681.

As to the requirement of section 6978, supra, there is, of course, no reason to make any distinction between insurance companies doing business on the stipulated premium plan and "old line" insurance companies or assessment companies. But the fact is that the law-makers have provided that companies doing business on the stipulated premium plan must attach a copy of the application to each policy, while this is not required of a company doing a life insurance business of any other class; and we must perforce be governed by the law as it is written. In this connection see: Hanford v. Benefit Ass'n. supra; Haynie v. Knight Templars, 139 Mo. 416, 41 S. W. 461.

The rulings of the trial court on plaintiff's two motions were therefore erroneous.

In this connection we may add that if section 6978 were here applicable, it was error to sustain these motions, since it could not be ascertained from the pleadings that defendant had failed to attach a copy of the application to the policy. Though, according to the averments of the petition, the policy was filed therewith

as an exhibit, it became no part of that pleading. [See Hanks v. Hanks, 218 Mo. 670, l. c. 678, 679 and cases cited, 117 S. W. 1101.] When these motions were passed upon, therefore, the court had nothing before it to show that the defendant had failed to comply with the section of the statute in question, had defendant been bound to comply therewith. But under the circumstances we prefer not to put our ruling herein on this ground alone, particularly in view of our previous rulings in the Schuler and Hicks cases, supra, which, upon the matter here in question, should no longer be followed.

The judgment should therefore be reversed and the cause remanded to be proceeded with in conformity to the views expressed above. It is so ordered. *Reynolds. P. J.*, and *Becker, J.*, concur.