**Joseph G. RULO, Appellant,**

v.

**Sidney RUBIN, Trustee, Appellee.**

**No. 72–1114.**

United States Court of Appeals,
Eighth Circuit.

Submitted Sept. 11, 1972.

Decided Oct. 6, 1972.

Rehearing and Rehearing En Banc
Denied Nov. 9, 1972.

Joseph Langworthy, Pacific, Mo., for appellant.

Sidney Rubin, St. Louis, Mo., for appellee.

Before BRIGHT and STEPHENSON, Circuit Judges, and SMITH, District Judge.*

* Senior District Judge of the Eastern District of Michigan, sitting by designation.

PER CURIAM.

The matter before us involves a question of statutory interpretation.

The facts are stipulated: Appellant Rulo filed voluntarily in bankruptcy and was adjudicated a bankrupt on October 16, 1970. The controversy concerns policies of insurance on Rulo's life. During his marriage to Barbara Jean Rulo she was the beneficiary of each policy. Following the divorce of the parties, however, and prior to bankruptcy, the three minor children were named as beneficiaries. The trustee in bankruptcy petitioned in the bankruptcy court to collect the cash surrender value of the policies and prevailed, over the bankrupt's objections, both before the Referee and in the District Court.

■ Under the provisions of the Bankruptcy Act, the property of a bankrupt passes to the trustee in bankruptcy save such as may be exempted therefrom by applicable Federal or State laws, 11 U.S.C.A. §§ 24 and 110(a). The appellant relies upon the exemption provision of Section 376.560, RSMo 1969, V.A.M.S.[1] It is his argument, rejected below, that "judgment creditors cannot reach the proceeds, including the cash surrender value of any life insurance policy, even in excess of the $500.00 limit of the exemption statutes, while the insured is still alive", citing Kansas City v. Halvorson, 352 Mo. 1027, 180 S.W.2d 710 (1944), and, in addition, that the exemption provisions of the statute apply to the children of the insured as well as to the wife.

■ We have no quarrel with the Halvorson case, supra, but it differs in a·

crucial aspect from the case at bar, namely, that we have before us not a mere judgment creditor, as in Halvorson, but a trustee in bankruptcy. The Halvorson court itself was careful to make this distinction, holding, in part, " * * * the Bankruptcy Act [Section 70 of the Bankruptcy Act, 11 U.S.C.A. § 110, sub. (a)(3)][2] provides that the trustee shall be vested by operation of law with the title of the bankrupt to all powers which he might have exercised for his own benefit. A judgment creditor under the laws of this State does not have the rights and power of a trustee in bankruptcy" (p. 1034, 180 S.W.2d p. 712). Halvorson does not control the case at bar, and each of the policies involved constitute property vesting in the trustee in bankruptcy under Section 70(a) of the Bankruptcy Act, Section 110(a), Title 11, U.S.C., unless exempt under the provisions of Section 376.560 V.A.M.S., which we next consider.

■ The Missouri statute is explicit as to exempted coverage, namely, that "Any policy of insurance * * * on the life of any person, expressed to be for the benefit of the wife of the insured, shall inure to her separate benefit." See, In re Orear, 189 Fed. 888 (8th Cir. 1911), 7 St. Louis L.R. 182. This type of exemption obviously differs from those of broader coverage, e. g., "wife and/or children" discussed in In re Wolfe, 249 F.Supp. 784 (M.D.N.Car. 1966). By clear and unambiguous provisions the statute before us exempts the wife only and we are not persuaded that the history thereof justifies our enlargement beyond its plain terms.

Affirmed.

---

1. "Any policy of insurance heretofore or hereafter made by any insurance company on the life of any person, expressed to be for the benefit of the wife of the insured, shall inure to her separate benefit, independently of creditors, executors and administrators of the husband; provided, however, that in the event of the death or divorcement of the wife before the decease of the husband, he shall have the right to designate another beneficiary

* * * But when the premiums paid in any year out of the funds or property of the husband shall exceed the sum of five hundred dollars, such exemptions from such claims shall not apply to so much of said premiums so paid as shall be in excess of five hundred dollars, but such excess shall inure to the benefit of his creditors. (R.S.1939, § 5850)"

2. Bracketed material in original.